61048. MIMMS v. TRAVELERS INSURANCE COMPANY et al.

DEEN, Presiding Judge.

It is well settled that an insurer providing general liability coverage to the general contractor of a building project which

undertakes, pursuant to policy provisions, to conduct and report to the employer the results of safety inspections of the premises under construction, may be held liable for negligent inspection thereof, if reliance by either the employer or the employee on such inspections be proved. *Huggins v. Aetna Casualty &c. Co.,* 245 Ga. 248 (264 SE2d 191) (1980).

The plaintiff, an employee of a subcontractor, was injured when the scaffold on which he was painting the ceiling of a building under construction was jolted and he fell to the ground. Safety rails required for such scaffolds by Code § 54-407 and which had been attached during most of this particular job had been removed when the painters reached the low end of a sloping ceiling under an area into which 10-inch drain pipes protruded, rendering it impossible to place the scaffolding in position for use without lowering or removing the safety rails. The rails were in fact removed by the plaintiff's supervisor and a day or two later he sustained the injuries complained of when the scaffolding was allegedly jarred by a co-defendant.

The appellant contends that the employer relied upon Travelers to look for and discover specific hazards and report any findings which would result in the area not being a safe place to work. It is conceded that scaffoldings such as the one here involved are required to have guardrails and that their use without such rails does in fact tend to create an unsafe situation for persons using them. However, Travelers had no contractual or other duty to make inspections or, when it did so, to make them at any particular time. The building was in course of construction and was in fact inspected by this defendant on March 4, 1977, at which time the foundation for the building was being dug and the warehouse construction was 10 percent complete. Painting did not begin until April or May, and scaffold guardrails were used until a couple of days before the accident when they were removed during the painting of the low ceiling area. The accident occurred on July 29. A second inspection of the site was made by Travelers on September 20, pursuant to a general practice of making semi-annual site visits, and on that occasion instructions for use of guardrails were given.

It is clear that this particular defendant can be held liable only for negligence on its part forming a part of the proximate cause of the accident. Assuming that the employer did in fact depend on inspections by the insurer, it neither contracted for nor was offered continuous inspections or inspections at stated intervals other than those carried out in its usual practice. There is no doubt that scaffolds were not being used at the time of the initial inspection, and the defendant was not reasonably charged with notice that the use of guardrails had been discontinued at the time of the plaintiff's fall.

As to the further contention that the insurer was negligent in failing to anticipate that scaffolds would be necessitated during the course of construction and that they might be illegally used without guardrails, we note that many of the depositions, including that of the plaintiff, are replete with statements showing these workmen were well aware that guardrails should be used and that it might be dangerous to work without them. This argument is controlled by the rulings in *Winslett v. Twin City Fire Ins. Co.*, 141 Ga. App. 143 (1-(b)) (232 SE2d 638) (1977) that the insurer, while chargeable with a duty to report noncompliance with safety procedures which it finds during inspections, has no duty to report hazards of which it is ignorant and which could not be discovered in the course of the inspections made by it. This conclusion was followed in *Argonaut Ins. Co. v. Clark,* 154 Ga. App. 183 (267 SE2d 797) (1980), citing Tillman v. Travelers Indemnity Co., 506 F2d 917, 921, and stating, "Under such circumstances an insurer does not owe an employee a legal duty to warn him or his employer of conditions which he and his employer had a greater opportunity to discover, and which involve the manner and circumstances under which the employees are directed to perform their work rather than defects in equipment or concealed hazards on the premises." Id., p. 187.

The grant of summary judgment to the defendant Travelers Insurance Co. is without error.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Submitted November 6, 1980 — Decided January 6, 1981.

*William L. Skinner,* for appellant.
*B. Holland Pritchard, H. A. Stephens, Jr.,* for appellees.