## 73081. LEDBETTER v. FOSTER.
### (350 SE2d 31)

SOGNIER, Judge.

Elizabeth Foster appealed to the Superior Court of Fulton County from the decision of the Administrative Hearing Office of the Georgia Department of Human Resources (DHR), which ruled that Foster was ineligible for public assistance, namely, Aid to Families with Dependent Children (AFDC) and Medicaid. The superior court reversed the DHR's decision and we granted the application for discretionary review made by James Ledbetter, in his capacity as Commissioner of the DHR.

Prior to January 1985, appellee and her son were eligible for AFDC, which allowed appellee and her son to participate in the Medicaid program. The sole source of income for appellee and her son

are Old Age, Survivors, and Disability Insurance (OASDI) benefits appellee's son receives on account of his disabled father. See 42 USC § 402 (d). In January 1985, a cost-of-living increase to beneficiaries was implemented by the Social Security Administration (SSA) which increased the OASDI sum appellee was receiving on behalf of her son to $179 a month. That increased monthly benefit to appellee and her son exceeded the income eligibility standards for AFDC in Georgia by $5. Appellant, in ruling that appellee was ineligible for AFDC and, thereby, Medicaid, determined that the $50 child support "disregard" enacted by Congress in Sec. 2640 (b) and (c) of the Deficit Reduction Act (DRA) of 1984, P. Law 98-369 (98 Stat. 1145), did not apply to the social security benefits appellee and her son receive. Therefore, appellant did not subtract the first $50 of the OASDI benefits from the amount it computed to be appellee's income. The superior court determined that appellant's decision was erroneous as a matter of law and reversed. See OCGA § 50-13-19 (h) (4).

Appellant contends the trial court erred by concluding that "child support," for purposes of the $50 disregard, includes money received by a parent on behalf of the dependent child of a disabled individual. Appellant asserts the federal AFDC law precludes defining child support to include social security benefits and that a definition including such benefits is inconsistent with the federal statutes and regulations governing the AFDC program. We do not agree with appellant's arguments.

The congressional enactment of Sec. 2640 of DRA amended both the federal AFDC law, as codified in 42 USC § 602, and the Child Support Recovery Act (CSRA), as codified in 42 USC § 657. 42 USC § 602 (a) (8) (A) (vi) of Title IV-A of the Social Security Act provides that in making the determination of AFDC eligibility, the state agency with respect to any month "shall disregard the first $50 of any child support payments received in such month with respect to the dependent child or children in any family applying for or receiving aid to families with dependent children (including support payments collected and paid to the family under [42 USC § 657 (b)])." 42 USC § 657 (b) of Title IV-D of the Social Security Act provides that amounts collected as child support by the state IV-D agency (Office of Child Support Recovery) "shall . . . be distributed as follows: (1) the first $50 of such amounts as are collected periodically which represent monthly support payments shall be paid to the family without affecting its eligibility for assistance or decreasing any amount otherwise payable as assistance to such family during such month. . . ."

Appellant would have this court ignore the implementation of the $50 disregard in 42 USC § 602 (a) (8) (A) (vi) and look solely to the statutory language in 42 USC § 657 (b). However, we are not here dealing with child support amounts collected involuntarily from a

parent of a dependent child pursuant to the CSRA. Rather, we are dealing with social security benefits applied for on behalf of a dependent child to which the child was entitled as a result of the disability of his parent. 42 USC § 402 (d). Thus, 42 USC § 657 (b) is not applicable to payments received by appellee and her son on behalf of the disabled father. Further, the plain language of 42 USC § 602 (a) (8) (A) (vi) reveals that while CSRA payments are *included* in those types of monthly support payments to be disregarded when computing AFDC eligibility, "child support payments received" is not limited solely to child support payments "collected" by the CSRA. See *Housing Auth. v. Ayers*, 211 Ga. 728, 729 (3a) (88 SE2d 368) (1955). Therefore, the language of 42 USC § 602 (a) (8) (A) (vi) does not support appellant's argument that the $50 disregard was intended to apply exclusively to 42 USC § 657 (b) collected sums. Instead, CSRA payments make up only one subclass of possible payments supporting a dependent child and do not constitute the entire class of those payments. Thus, appellant's arguments asserting that the exclusive method of defining child support payments for the purpose of applying the $50 disregard is by reference to the CSRA, 42 USC § 657 (b), and the federal regulations addressing Title IV-D of the Social Security Act, are not persuasive.

Appellant has not cited this court to any federal statute or regulation which specifically addresses the interpretation to be given the language "any child support payments received" in 42 USC § 602 (a) (8) (A) (vi) in regard to whether OASDI benefits received on behalf of a dependent child constitute child support payments for the purpose of applying the $50 disregard. The language in 49 Fed. Reg. Vol. 176 p. 35590, which provides that the $50 disregard is applicable to support received directly by the family, not recovered pursuant to the CSRA, as well as to voluntary support payments, does not address the issue here, which is whether OASDI benefits constitute child support payments to which the $50 disregard would be applicable.

As the basis of its decision to exclude OASDI benefits from child support payments subject to the $50 disregard, appellant argues that had Congress intended to include social security benefits in the 42 USC § 602 (a) (8) (A) (vi) disregard, it would have specifically stated so. Appellant points to the expansion by Congress of the circumstances under which OASDI benefits can be considered income in computing a family's AFDC eligibility, enacted by Congress in the same section of DRA creating the $50 disregard, § 2640 (a) (38) (b), P. Law 98-369, (98 Stat. 1145), as an example of an instance where Congress could have expressed its intention to include such benefits in the disregard. However, simply because Congress could have addressed the issue here, but chose not to, does not indicate congressional intention one way or the other. This is not an instance where

the expression of one thing implies the exclusion of another ("expressio unius est exclusio alterius"). See generally *Porter v. Calhoun County*, 250 Ga. 566, 567-568 (300 SE2d 143) (1983). Rather there has been no expression whatsoever by Congress on this subject and we will not presume that its failure to state that OASDI benefits *are* a type of child support payment for purposes of the disregard indicates an intent to the contrary. We therefore turn to state law to resolve this issue.

The Supreme Court in *Horton v. Horton*, 219 Ga. 177 (132 SE2d 200) (1963), and more recently in *Perteet v. Sumner*, 246 Ga. 182 (269 SE2d 453) (1980), acknowledged "the proposition that social security disability payments received by the mother for the benefit of the children should be credited toward the father's obligation under an alimony decree." *Perteet*, supra at 182. Although appellant correctly points out that these cases involve contempt proceedings for failure to pay court-ordered child support, we do not find these facts to distinguish the basic conclusion reached by the Supreme Court that social security benefits can be considered as child support payments. Therefore, we agree with the trial court that under Georgia law, the definition of child support includes social security benefits paid to a child from a disabled parent's account.

Therefore, because the $50 disregard in DRA is not limited to child support payments made under CSRA when it comes to AFDC eligibility and because Georgia law, recognizing that social security disability benefits can constitute child support payments, is not inconsistent with federal law in regard to the $50 disregard provisions, we find the trial court properly ruled that appellant should have disregarded the first $50 of the OASDI payments made on behalf of appellee's minor child in calculating income amounts for determining appellee's eligibility under the AFDC program. The trial court's order reversing appellant's decision which ruled appellee ineligible for AFDC is accordingly affirmed.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 16, 1986 —
REHEARING DENIED OCTOBER 29, 1986

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, William C. Joy, Senior Assistant Attorney General, Mary Foil Russell, Staff Assistant Attorney General*, for appellant.

*Frank S. Ney*, for appellee.