### S90G0495. WILSON et al. v. LEDBETTER.
(390 SE2d 846)

WELTNER, Justice.

This is a class-action suit in superior court against the commissioner of the Georgia Department of Human Resources, which was filed on behalf of approximately 1,750 families receiving Aid to Families with Dependent Children (AFDC) benefits. The cases of *Ledbetter v. Foster*, 180 Ga. App. 696 (350 SE2d 31) (1986), and *Ledbetter v. Tidwell*, Fulton County Superior Court No. 28946 (decided August 16, 1986, and not appealed), had held that Social Security and Veterans Administration benefits did constitute "child support" within the meaning of applicable statutes. A subsequent amendment to OCGA § 49-4-6 (b) changed the effect of *Foster* and *Tidwell,* supra, so as to decrease the plaintiffs' AFDC benefits. The complaint sought to recover certain AFDC benefits that the plaintiffs should have received during the period of time between the *Foster* and *Tidwell* decisions and the effective date of the amendment to OCGA § 49-4-6 (b).

The Court of Appeals reversed the partial grant of summary judgment to the plaintiffs, the effect of which is to hold that the plaintiffs' claim was barred by their failure to exhaust administrative remedies. *Wilson v. Ledbetter*, 194 Ga. App. 32 (389 SE2d 771) (1989). We granted certiorari to review that holding.

1. (a) In *Hunnicutt v. Ga. Power Co.*, 168 Ga. App. 525, 526 (1) (309 SE2d 862) (1983), the Court of Appeals held:

The mere existence of an unexhausted administrative rem-

edy does not, standing alone, afford a defendant an absolute defense to the institution of a legal action.

(b) OCGA § 50-13-19 (a) provides:

Any person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter. This Code section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law. *A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.* [Emphasis supplied.]

(c) In *Hilton Constr. Co. v. Rockdale County Bd. of Education,* 245 Ga. 533, 539 (3) (266 SE2d 157) (1980), we held:

"Impossibility or improbability of obtaining adequate relief by pursuing administrative remedies is often a reason for dispensing with the exhaustion requirement." Davis on Administrative Law 625, § 189 (1951). We decline to hold that [the plaintiff] is barred from relief by its failure to exhaust administrative remedies where those remedies were inadequate.

2. (a) Rules & Regulations 290-1-1-.13 of the department provides:

A hearing need not be granted when either state or federal law require automatic grant adjustments for classes of recipients unless the reason for an individual appeal is incorrect grant computation. *In such cases when incorrect grant computation is not involved, the Hearing Officer shall deny the request.* [Emphasis supplied.]

(b) Section 290-1-1-.15 provides that the department may deny or dismiss a request for a hearing when "the sole issue is one of state or federal law requiring automatic grant adjustments for classes of recipients."

(c) It is undisputed that the relief sought here is an automatic grant adjustment, as required by *Foster* and *Tidwell,* supra.

3. (a) In *Ford Motor Credit Co. v. London,* 175 Ga. App. 33, 36 (332 SE2d 345) (1985), the Court of Appeals held:

The number of class members and the financial ability of plaintiff are not the only factors which the trial court must take into account. The court must also weigh, even if the right sought to be enforced is "common" to the members, whether "individual questions of law or fact as between the defendant and the individual class plaintiffs would yet predominate." [Cit.] . . . "Minor variations in amount of damages, or location within the state, do not destroy the class when the legal issues are common." [Cit.]

(b) The trial court certified the action as a class-action.

4. (a) *Foster* and *Tidwell*, supra, established the claimants' entitlement to automatic grant adjustments. The department's rules *preclude* a hearing in cases of requests for automatic grant adjustments.

(b) The commissioner acknowledged that he has made no grant adjustments and no changes in departmental policy as a result of the *Foster* or *Tidwell* cases.

5. (a) The commissioner may not avoid judicial review for want of exhaustion of administrative remedies when the very rules of the department preclude both hearing and automatic grant adjustment, as a "review of the final agency decision would not provide an adequate remedy." Division 1 (b), supra. "The law does not require a useless act." *Tendler v. Thompson*, 256 Ga. 633, 634 (352 SE2d 388) (1987).

(b) The trial court properly certified the plaintiffs as a class, and correctly determined that the class was entitled to immediate judicial review of the controversy.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 4, 1990 —
RECONSIDERATION DENIED MAY 23, 1990.

*Phyllis J. Holmen, John L. Cromartie, Jr.,* for appellants.
*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellee.