### A90A0429. WALKER v. HURD.
(395 SE2d 925)

CARLEY, Chief Judge.

Both appellant-plaintiff's property and the adjoining property front on a state highway. Appellee-defendant is a registered land surveyor who was hired by the adjoining landowners to survey their property and to prepare a plat thereof. In preparing the plat, appellee did not consult the title records. He relied only upon a prior survey dating from the time when the adjoining landowners had also owned appellant's property. Consequently, the plat that was prepared by appellee erroneously reflected that appellant's property was still owned by the adjoining landowners. Based upon appellee's erroneous plat, the adjoining landowners then purported to convey to the Department of Transportation (DOT) all rights of access not only between their property and the state highway, but also all such rights of access between appellant's property and the state highway. In return for this

conveyance, DOT granted the adjoining landowners a commercial driveway permit for vehicular access between their property and the state highway. Appellant subsequently made an informal inquiry as to whether DOT would grant a commercial driveway permit for vehicular access between his property and the state highway. DOT's response to appellant's informal inquiry was that all access rights between his property and the state highway had previously been conveyed to it and that another commercial driveway permit would not be granted.

After this informal inquiry, appellant made no formal application for a commercial driveway permit from DOT. Instead, he filed the instant action and named DOT, appellee and the adjoining landowners as the defendants. After suit was filed, DOT conveyed the access rights to appellant by quitclaim deed and was dismissed from the case. Appellee then moved for summary judgment in his favor. The trial court granted appellee's motion for summary judgment, and it is from that order that appellant brings this appeal.

1. Appellant urges that genuine issues of material fact remain as to his recovery under a fraud theory. However, "[o]ne of the five elements of fraud is that the plaintiff relied on the false representations of defendant. [Cit.] There was no evidence that [appellant] relied on the representations concerning [ownership of his property]. Rather than relying on the representations, [appellant] disputed them as soon as [he had knowledge thereof] and maintained his position consistently thereafter. He never acted on them except in furtherance of his denial of their validity. . . . As the evidence reflects a complete absence of at least this element, we need go no further." *Associated Software Consultants &c. v. Wysocki*, 177 Ga. App. 135, 138 (2) (338 SE2d 679) (1985).

2. Appellant further urges that a genuine issue of material fact remains to his recovery under a negligence theory. However, insofar as the preparation of the plat is concerned, appellant was certainly not among the limited class of persons who appellee was actually aware would *rely* thereon. Compare *Badische Corp. v. Caylor*, 257 Ga. 131 (356 SE2d 198) (1987). Even if appellant were among that limited class of persons, the evidence shows that appellant did *not* rely upon the plat. Compare *Hutchinson v. Dubeau*, 161 Ga. App. 65 (289 SE2d 4) (1982).

Moreover, the evidence shows that appellant suffered no recoverable damage as the result of appellee's erroneous plat. Compare *Bodin v. Gill*, 216 Ga. 467 (117 SE2d 325) (1960). The only "damage" allegedly attributable to appellee's erroneous plat was DOT's refusal to grant appellant a permit for a commercial driveway. According to appellant, DOT's refusal necessitated his expenditure of funds so as to bring and pursue this lawsuit. However, the undisputed evidence

shows that appellant never made a formal application to DOT for the permit and, after this suit was filed, DOT executed a quitclaim deed whereby the access rights were conveyed to appellant. Appellant made no counter showing that a formal application to DOT would have been a useless method to resolve the problem, and that the necessity for bringing this litigation could not have been obviated by appellant's making such an application. Compare *Wilson v. Ledbetter*, 260 Ga. 180 (390 SE2d 846) (1990). Appellant cannot recover in negligence for such "damage" as he could have avoided. OCGA § 51-12-11.

3. OCGA § 51-9-10 provides: "The unlawful interference with a right of way or a right of common constitutes a trespass to the party entitled thereto." Appellant urges that a genuine issue of material fact remains as to his recovery for trespass pursuant to this statute.

Under the undisputed evidence there was no "unlawful interference" with appellant's property as the result of appellee's erroneous plat. Appellant was never denied his *existing* right of ingress to and egress from his property. Compare *Holland v. Shackleford*, 220 Ga. 104, 112 (3) (137 SE2d 298) (1964). He was merely informally told by DOT that he could not have a commercial driveway between his property and the state highway where *none* had existed before. At most, appellee's erroneous plat resulted in a cloud on appellant's title in the form of a purported conveyance to DOT by the adjoining landowners of the access rights to appellant's property. A cloud on one's *title* to property is obviously different from an "unlawful interference" with one's actual *property*. The trial court did not err in finding that no genuine issue of material fact remained as to appellant's claim under OCGA § 51-9-10.

4. Appellant's remaining enumerations of error have been considered. To the extent that they are not controlled adversely to appellant's contentions under principles that have previously been discussed, they have been found nevertheless to be without merit.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 7, 1990.

*Zachary & Segraves, Rick S. Sexton*, for appellant.
*Smith & Welch, A. J. Welch, Jr., J. Mark Brittain*, for appellee.