A90A2199. REESE v. SOUTHERN RAILWAY COMPANY et al.
(404 SE2d 643)

Carley, Judge.

Appellant-plaintiff brought suit, seeking to recover for injuries that he suffered while engaged in his employment with Georgia Power Company. Appellee-defendants answered and, after extensive discovery, they moved for summary judgment. The trial court granted summary judgment in appellees' favor and appellant appeals.

1. Appellant was injured when he tripped on a purported defect in the surface of a coal "dumper table" and his foot slipped into a gap between the edge of the "dumper table" and the adjacent stationary railway bed. Although the "dumper table," the rail line and the property upon which they are located are all wholly owned by Georgia Power Company, appellant urges that a genuine issue of material fact nevertheless remains as to appellees' liability under the theory that they negligently failed to repair the surface of the "dumper table" and the gap between the "dumper table" and the railway bed.

Construing the evidence most favorably for appellant, the defect on the surface of the "dumper table" upon which he originally tripped was caused by the prior derailment of coal cars thereon. There is evidence that, in connection with prior derailments on the "dumper table," Georgia Power Company had engaged appellees to perform *railing and track* repair services. However, the evidence that appellees were never engaged by Georgia Power Company to repair any derailment damage done to the *surface* of the "dumper table" itself is undisputed. Accordingly, no genuine issue of material fact remains as to appellees' liability for appellant's injuries under the theory that they negligently performed a contract to repair the surface of Georgia Power Company's "dumper table." Compare *E. & M. Constr. Co. v. Bob*, 115 Ga. App. 127 (153 SE2d 641) (1967).

It is undisputed that the gap between the "dumper table" and the railway bed into which appellant's foot slipped was not caused by a derailment. Under appellant's own evidence, the gap was created when Georgia Power Company employees removed a section of track with an acetylene torch so as to facilitate the operation of the

"dumper table." Obviously, a limited contract to perform rerailing and track repair services in connection with the occurrence of a derailment would not encompass any obligation whatsoever with regard to an intentional alteration that was made by Georgia Power Company to its own equipment for its own purposes. Accordingly, no genuine issue of material fact remains as to appellees' liability for appellant's injuries under the theory that the gap was the result of their negligent performance of a contract for rerailing and track repair services. See *Church v. SMS Enterprises*, 186 Ga. App. 791 (368 SE2d 554) (1988).

2. Appellant further urges that, even if appellees are not liable for having failed to make actual repairs to the Georgia Power Company's equipment which resulted in his injury, a genuine issue of material fact nevertheless remains as to their negligent failure to have inspected the premises so as to discover and recommend to Georgia Power Company that the potentially dangerous condition of its equipment be corrected.

The evidence of record establishes the existence of no contractual duty on the part of appellees to conduct a safety inspection of the Georgia Power Company premises. Other than the agreements to perform rerailing and track repair services in connection with derailments, the only contract was one which obligated appellees merely to deliver coal to Georgia Power Company's property line and no further. In connection with that coal delivery contract, there was no additional explicit or implicit obligation to enter Georgia Power Company's premises and inspect its "dumper table" and trackage to discover and warn against the existence of conditions which were potentially dangerous to Georgia Power Company's employees. Likewise, the evidence of record establishes the assumption of no gratuitous duty on the part of appellees to make a safety inspection of the Georgia Power Company premises.

That there may have been reliance upon appellees' special skill and technical knowledge in railroad equipment safety is immaterial to their liability if they did not undertake, either gratuitously or for consideration, to avail appellant or Georgia Power Company of those skills and that knowledge. It is only " '[o]ne who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, [who] is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking. . . . [Cits.]' " *Universal Underwriters Ins. Co. v. Smith*, 253 Ga. 588, 589 (322 SE2d 269) (1984). Under the evidence of record, neither appellee had a "contractual or other duty to make inspections [of Georgia Power Company's property or equipment]. . . ." *Mimms v. Travelers Ins. Co.*, 156 Ga. App. 889, 890 (275

SE2d 825) (1981).

3. "To prevail on a motion for summary judgment ([cit.]), a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. [Cits.]" *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). Appellees met this burden and it follows that the trial court correctly granted summary judgment in their favor.

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 13, 1991 —
REHEARING DENIED MARCH 27, 1991 — ▮▮▮▮▮▮▮

*Davis, Gregory & Christy, Hardy Gregory, Jr., Richard E. Stark*, for appellant.

*Webb, Kicklighter & Casey, Robert E. Casey, Jr., Matthew D. Williams, Branch, Pike & Ganz, Eileen M. Crowley, Keith J. Reisman*, for appellees.