A91A2091. GILBERT v. VAN ORD et al.
(417 SE2d 390)

COOPER, Judge.

We granted this interlocutory appeal to review the trial court's denial of summary judgment to appellant.

Appellees' son was struck and killed by an automobile driven by Sharon Holmes ("Holmes") as he was exiting a school bus. Appellees sued appellant, whom they alleged was holding himself out as an insurance agent, and charged that he had issued a forged automobile liability insurance card to Holmes with the cooperation of Holmes and her husband. Appellees further alleged that due to the issuance by appellant of the forged insurance card, Holmes' vehicle was tagged and licensed to operate in this state; that Holmes has no liability insurance coverage; and that appellant's actions have denied them the right to recover the insurance required by the laws of this state. Appellees sought to recover for the wrongful death of their son against appellant on several legal theories, and the trial court denied appellant's motion for summary judgment, finding that a jury issue existed as to whether appellant was a "guarantor of the financial responsibility" of Holmes and her husband because of appellant's alleged issuance of a forged insurance card. On appeal, appellant urges that the trial court's denial of his summary judgment motion was in error.

" 'To prevail on a motion for summary judgment . . . , a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover under any theory fairly drawn from the pleadings and the evidence. (Cits.)' [Cit.]" *Reese v. Southern R. Co.*, 199 Ga. App. 320 (3) (404 SE2d 643) (1991). We agree with appellant that there is no legal theory fairly drawn from the pleadings and the evidence presented by appellees that would support a recovery for wrongful death by appellees against appellant. Appellees first assert that appellant should be

declared an "insurer" under OCGA § 33-1-2 (4), and as an unauthorized insurer, his answer should be stricken under OCGA § 33-5-57. Appellant was allegedly acting falsely as an individual insurance agent, not as an entity issuing contracts of insurance to insureds, and in any event, no insurance contract was ever consummated. Appellant cannot be considered an "insurer" under the statute, and we reject appellees' argument.

Appellees next contend that appellant is liable to them because he negligently failed to procure insurance and because they are third-party beneficiaries of the insurance that was required by state law. Since appellees were not the proposed insured, they cannot maintain an action for negligent failure to procure insurance. Compare *Fort & Turner Enterprises v. Scrocca*, 195 Ga. App. 554 (1) (394 SE2d 364) (1990). Further, a third-party beneficiary theory cannot support a recovery because no contract of insurance ever existed. See OCGA § 9-2-20 (b). Even if such contract had existed, it has long been the rule in this state that one who is injured and is not in privity of contract with the insurer under a liability policy cannot maintain a direct action against the insurer to reach the proceeds of the policy. *Insured Lloyds v. Bobo*, 116 Ga. App. 89, 90-91 (156 SE2d 518) (1967).

Appellees also assert that appellant is liable under the theory of negligent entrustment in that he entrusted the forged insurance card and car to Holmes. "Under the theory of negligent entrustment, liability of an owner of a vehicle is predicated upon the negligent act of the owner in lending his vehicle to another person with actual knowledge of the latter's incompetence or habitual recklessness. [Cit.]" *Clarke v. Cox*, 197 Ga. App. 83 (1) (397 SE2d 598) (1990). The facts and the identities of the parties in the instant case do not support recovery by appellees against appellant under the theory of negligent entrustment.

Appellees next argue that they can recover against appellant on the basis of fraud, since appellant forged an insurance card which allowed Holmes to operate the vehicle on public roads. Appellees contend that appellant, Holmes and Holmes' husband made a false representation to the public at large that Holmes was in compliance with the law, which was then in turn relied on by the public, including appellees and their son. "To prove [fraud], all of the following elements must be shown: (1) that the defendant made the representations; (2) that at the time he made them he knew they were false; (3) that he made them with the purpose of deceiving plaintiff; (4) that plaintiff relied on those representations; and (5) that the loss and damage are the proximate result of their having been made. [Cit.]" *Thompson v. Huckabee Auto Co.*, 190 Ga. App. 540 (2) (379 SE2d 411) (1989). As to the required element of reliance, appellees advance the argument that as members of the general public, they were enti-

tled to presume that Holmes was not violating the law. It is undisputed that appellant did not know and never had any connection with appellees. Appellees' claim that appellant's actions were a fraud upon the public and that, as members of the public, appellees relied on that fraud, cannot be the basis for a civil recovery by appellees against appellant for fraud. Appellees, as members of the general public, cannot show individual reliance on appellant's conduct. See *Stevens v. Thomas*, 257 Ga. 645 (2) (361 SE2d 800) (1987). Whereas we are sympathetic to appellees' circumstances, we find no issue exists as to the third and fourth elements of fraud as listed above. The evidence shows that appellant did not make the alleged false representations with the intent of deceiving appellees and that appellees did not rely on any representations of appellant. " 'As the evidence reflects a complete absence of at least [these] element[s], we need go no further.' [Cit.]" *Walker v. Hurd*, 195 Ga. App. 855 (1) (395 SE2d 925) (1990). A theory of fraud will not support the sought after recovery of appellees against appellant. Compare *Clark v. Kelly*, 217 Ga. 449 (122 SE2d 731) (1961) (fraud claim supported recovery by proposed insured against insurance agent). Appellees also argue that appellant, Holmes and Holmes' husband were all participating in a joint venture and therefore the acts attributed to any one of them can be attributed to the others. Appellees cite no legal or factual support for this theory and state, in this civil action, that the basis for liability under this theory rests in criminal acts. We find no merit to appellees' joint venture theory. We therefore conclude that the trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 12, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992 —

*Lane & Gossett, Roger B. Lane*, for appellant.
*Richard Phillips, O. Dale Jenkins*, for appellees.