**Barbara G. TURPEAU, et al., Plaintiffs,**

v.

**FIDELITY FINANCIAL SERVICES, INC., et al., Defendants.**

**Civil Action No. 1:95–cv–1987–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

March 29, 1996.

Roy E. Barnes, Howard Daniel Rothbloom, Barnes, Browning, Tanksley & Casurella, Marietta, GA, for Plaintiffs.

Charles Thomas Day, III, Day, Royal & Drahos, Atlanta, GA, Laura Susan Smith Jones, Pursley, Howell, Lowery & Meeks, Atlanta, GA, Robert D. McCallum, Jr., Andrew McCampbell Gibson, Alston & Bird, Atlanta, GA, Kevin B. Getzendanner, Arnall, Golden & Gregory, Atlanta, GA, Elizabeth Vranicar Tanis, Robert Joseph Neis, Sutherland, Asbill & Brennan, Atlanta, GA, Geoffrey Hammond Cederholm, III, Glass, McCullough, Sherrill & Harrold, Atlanta, GA, John J. Dalton, Herbert Dale Shellhouse, Alan William Loeffler, Troutman Sanders, Atlanta, GA, H. Andrew Owen, Jr., Charles Jackson Cole, Harman, Owen, Saunders & Sweeney, Atlanta, GA, Gregory J. Digel, Scott Lester Bonder, Holland & Knight, Atlanta, GA, for Defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on Plaintiffs' motion to remand, to amend, and for attorneys' fees as well as on Defendants' motion to sever. At issue is the propriety of Defendants' notice of removal. Additionally, Defendant Transouth has moved this court for summary judgment on the basis of Plaintiffs' alleged misinterpretation of a Georgia insurance statute. Also pending are motions to compel, to excuse compliance with the Local Rules, to file supplemental briefs, and to extend time to move for class certification.

## I. SUMMARY OF CASE

On July 7, 1995, seven Plaintiffs commenced this suit against eleven Defendants in the State Court of Fulton County, Georgia. Plaintiffs Barbara Turpeau, Darryl & Krystal Lewis, Martha Cleveland, Kevin Cuevas, Sandra Wright, and William Tuggle purported to represent the class of all similarly situated plaintiffs who have been injured by various Defendant lenders and life insurance companies' violations of O.C.G.A. § 33–31–4 in selling excess credit life insurance pursuant to automobile financing. O.C.G.A. § 33–31–4(a) (1990) provides for limits on the amount of credit life insurance as follows:

The amount of credit life insurance shall not exceed the indebtedness. Where indebtedness repayable in substantially

equal installments is secured by an individual policy of credit life insurance, the amount of insurance shall not exceed the approximate unpaid indebtedness on the date of death and, where secured by a group policy of credit life insurance, shall not exceed the exact amount of unpaid indebtedness on that date.

"Indebtedness" is defined as "the total amount payable by debtor to a creditor in connection with a loan or other credit transaction." O.C.G.A. § 33–31–1(5) (1990).

No single Plaintiff has a claim against more than one Defendant lender and one Defendant insurer as illustrated by the following:

| Plaintiff | Defendant |
|---|---|
| Turpeau | Fidelity Financial Services |
| | Admiral Life Insurance Co. |
| Lewis | Bank South Corporation |
| | JMIC Life Insurance Co. |
| Cleveland | Mercury Finance Co. |
| | Union Fidelity Life Ins. Co. |
| Cuevas | Fidelity National Bank |
| | American National Mortgage Co. |
| Wright | TranSouth Mortgage Co. |
| | American National Ins. Co. |
| Tuggle | Chrysler Credit Corp. |
| | JMIC Life Insurance Co. |

## II. PLAINTIFF WRIGHT: STATEMENT OF UNDISPUTED FACTS

Plaintiff Sandra Wright purchased an automobile from Freeway Ford in Columbus, Georgia on January 25, 1994. She financed her purchase with Freeway Ford under a retail installment contract with precomputed interest and equal monthly payments. Pursuant to her financing agreement, Plaintiff Wright purchased credit life insurance from Defendant American National, with the initial amount of insurance based upon the total of payments due under her financing contract. In other words, Plaintiff financed $10,375.69 but purchased $14,568.00 in credit life insurance (Retail Installment Contract, Exh. A to Plaintiff's Brief in Opposition to Defendant Transouth's Motion for Summary Judgment). Freeway Ford assigned Plaintiff's contract to Defendant Transouth Mortgage as was provided in the initial installment contract.

## III. DISCUSSION

### A. Motions to Remand, Sever, and Amend

On August 8, 1995, Defendants Transouth and American National filed a notice of removal of Plaintiff Wright's claims against them based on diversity jurisdiction. Two days later, Defendant Chrysler Credit filed a consent to the removal complaint for those claims by Plaintiff Cuevas against it and Defendant JMIC Life. Additionally, Defendants Transouth, American National, and Chrysler have moved this court to sever the claims that the Plaintiffs Wright, Tuggle, and Cuevas have asserted against them from those of the other Plaintiffs. In response, Plaintiffs have filed three motions to remand based on this court's purported lack of subject matter jurisdiction as well as a motion to amend the complaint to stipulate that each individual class member will neither demand nor accept damages in excess of $50,000, exclusive of interest and costs.

### (1) Diversity Jurisdiction

Any civil action brought in the state court over which the district court has original jurisdiction can be removed to federal court. 28 U.S.C. § 1441(a). A district court has original jurisdiction over federal questions, 28 U.S.C. § 1331, and cases involving diversity of citizenship, 28 U.S.C. § 1332. Under 28 U.S.C. § 1332, district courts have jurisdiction over civil actions where the amount in controversy exceeds $50,000.00, exclusive of interests and costs, and where the action is between citizens of different states.

### CITIZENS OF DIFFERENT STATES

Diversity between the parties must be complete. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), *overruled on other grounds,* 43 U.S. (2 How.) 497, 11 L.Ed. 353 (1844); *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1557 (11th Cir. 1989). In the instant action, complete diversity does not exist between all of the plaintiffs and all of the Defendants. Defendants' removal attempt will fail, therefore, unless, as Defendants assert, it appears that the

parties destroying diversity have been fraudulently joined. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir.1996). Misjoinder will have the same effect as fraudulent joinder. *Id.* at 1360. Plaintiffs counter that the correct inquiry should focus on the propriety of the class action rather than the joinder rules.

Rule 23 of the Federal Rules of Civil Procedure provides that members of a class may sue on behalf of the class if the following prerequisites are met: (1) the numerosity of the class makes joinder impracticable, (2) the class presents common questions of law or fact, (3) the claims and defenses of the representatives are typical of the class, and (4) the representatives will fairly and adequately protect the interests of the class. Fed. R.Civ.P. 23(a). Plaintiffs assert that, since all of these elements are satisfied in the instant case, the action should be allowed to proceed in spite of the joinder rules. Plaintiffs misapprehend the application of Rules 20 and 23. The prerequisites to a class action determine whether a class is maintainable—in this case, a plaintiff class. Rule 23(a) does not purport to address, however, the propriety of this plaintiff class suing a group of defendants. For this, the inquiry must shift to the issue of permissive joinder under Rule 20.

Rule 20 of the Federal Rules of Civil Procedure provides that all persons may be joined in one action as defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a). In *Papagiannis v. Pontikis,* 108 F.R.D. 177, 179 (N.D.Ill. 1985), the court refused to permit the joinder of two plaintiffs who allegedly were defrauded by the same defendant in similar oil well investment scams because the "same series of transactions" does not "fairly apply to two victims' wholly separate encounters with a confidence man simply because he follows the same routine in cheating each of them."

While this circuit permitted different defendant banks holding different loans for different plaintiffs to be joined in one action in *Moore v. Comfed Savings Bank,* 908 F.2d 834, 839 (11th Cir.1990), it was because all of the loans had originated with one bank.

In the instant case, each credit transaction at issue was made by different Plaintiffs with different Defendants. The court, therefore, is persuaded that the transactions are not sufficiently related so as to permit joinder under Rule 20(a). Plaintiffs, however, urge this court to embrace the statement in *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974), that joinder is permitted under Rule 20 if the transactions are "reasonably related." In *Mosley,* however, each plaintiff was asserting a discrimination claim against General Motors and the union for a company-wide policy of discrimination. *Id.* Each plaintiff, therefore, was allegedly injured by the same actors which is distinguishable from the instant case where each Defendant has not injured each Plaintiff.

■ Nor is the court persuaded by Plaintiffs' arguments that there is a "juridical link" between Defendants such that the transactions are "reasonably related." In support of this theory, Plaintiffs point this court to cases discussing class action prerequisites and the general rule that each named plaintiff must have a colorable claim against each defendant class member. *Thillens, Inc. v. Community Currency Exch. Assoc. of Ill., Inc.,* 97 F.R.D. 668, 675 (N.D.Ill.1983). The notable exceptions to this rule are cases involving conspiracy, which is not alleged in the instant case, and "juridical links." A juridical link has been defined as a "legal relationship" which sufficiently relates all the defendants so that a single action is preferable. *Thillens,* 97 F.R.D. at 676. Juridical links are most often found in cases involving a defendant class whose members are "officials of a single state [who] are charged with enforcing or uniformly acting in accordance with a state statute, or common rule or practice of a state-wide application, which is alleged to be unconstitutional." *Mudd v. Busse,* 68 F.R.D. 522, 527–28 (N.D.Ind.1975), *aff'd,* 582 F.2d 1283 (7th Cir.1978), *cert. denied,* 439 U.S. 1078, 99 S.Ct. 858, 59 L.Ed.2d

47 (1979). *See La Mar v. H & B Novelty Co.*, 489 F.2d 461, 470 (9th Cir.1973); *Doss v. Long*, 93 F.R.D. 112, 120 (N.D.Ga.1981) (Murphy, J.). While violations of a single statute are at issue in the instant case, Defendants are not state officials. Accordingly, this court must find that there is no sufficient juridical link that would permit the maintenance of this action against the named Defendants.

## AMOUNT IN CONTROVERSY

■ In their notice of removal and in their opposition to Plaintiffs' motions to remand, Defendants assert that the minimum amount in controversy requirement has been satisfied because Plaintiffs' punitive damages demand and request for attorneys' fees should be aggregated. Plaintiffs argue that aggregation would be improper. Since the Plaintiffs' individual compensatory damages claims are so close to the $50,000.00 limit as evidenced by their proposal to amend the complaint to stipulate to their refusal to accept an amount in excess thereof, this court finds that, should it decide that punitives should be considered in the aggregate, it would appear to a legal certainty that the amount in controversy has been satisfied.

The Eleventh Circuit recently addressed the issue of the aggregation of punitive damages in *Tapscott*. In that case, the court noted that the purpose of punitive damages under Alabama law was "to deter wrongful conduct and punish those responsible" rather than to "compensate a victim for loss." 77 F.3d at 1358. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir.1995). In light of that purpose and the fact that the plaintiffs in the case at issue were not concerned with the distribution of the potential punitives award, the court determined that the punitive damages represented a "single collective right in which the putative class [had] a common and undivided interest." 77 F.3d at 1359. Accordingly, it found that aggregation of punitive damages was appropriate. *Id.*

■ Under Georgia law, the purpose of punitive damages similarly is not to compensate but rather to punish and deter. O.C.G.A. § 51–12–5.1; *Hospital Auth. of Gwinnett County v. Jones*, 261 Ga. 613, 614,

409 S.E.2d 501 (1991); *Oglethorpe Power Corp. v. Sheriff*, 210 Ga.App. 299, 301, 436 S.E.2d 14 (1993). The award of punitives is left to the discretion or the conscience of the jury. *Oglethorpe Power*, 210 Ga.App. at 301, 436 S.E.2d 14. In the instant case, Plaintiffs have not expressed concern over the division of the potential punitive damages award. Accordingly, based on these factors and under the rationale recently announced in *Tapscott*, this court finds that punitive damages should be aggregated and that the amount in controversy has been satisfied. Defendants Transouth, American National, and Chrysler's removal based on diversity jurisdiction, therefore, was proper.

Since the punitive damages demand has satisfied the minimum amount in controversy required for diversity jurisdiction, Plaintiffs' offer to amend the complaint to limit their compensatory damages recovery to an amount not exceeding $50,000.00, excluding interests and costs, is DENIED as futile. Accordingly, the court need not reach the issues of whether the class representatives could so limit the damage award available to the purported class members or whether attorneys' fees can be aggregated. Additionally, Plaintiffs' first and second motions to remand these Defendants are DENIED.

### (2) Federal Question

■ On August 29, 1995, Defendant Transouth moved this court for summary judgment. In her response, Plaintiff Wright referred to the following federally-required notice appearing in her installment contract: "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER." Plaintiff stated that "[f]ederal regulation commands Transouth's liability by requiring all creditors who lease or sell goods under a consumer credit contract to provide notice to the consumer that

the *holder* of the note is subject to all claims and defenses arising out of credit sale." (Plaintiff's Brief in Opposition to Transouth's Motion for Summary Judgment) (emphasis in original). Consequently, Defendants Transouth and American National filed an amended removal petition asserting federal question jurisdiction. Chrysler Credit and the remaining Defendants then consented to removal. While the court need not address this issue as to Defendants Transouth, American National, and Chrysler since diversity jurisdiction has been found as to them, this court will consider the issue as to the remaining Defendants.

In *Franchise Tax Bd. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983), the Supreme Court stated that a case "arises under" federal law if "a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *See Grynberg Prod. Corp. v. British Gas, p.l.c.*, 817 F.Supp. 1338, 1353 (E.D.Tex.1993).

In the instant case, Plaintiffs' complaint alleges that Defendants have violated a provision of the Georgia insurance code. In response to Defendant Transouth's defense that it did not sell the insurance directly to Plaintiff but rather purchased the loan from the original seller, Plaintiff pointed to the aforementioned notice that appeared in the contract and provided that the holder is liable under its terms. That the notice may be required under federal law does not present a "substantial question of federal law" to this court and, therefore, does not compel the conclusion that the removal of these remaining Defendants is proper.

Plaintiffs' consolidated motion to remand those Defendants asserting federal question jurisdiction is GRANTED IN PART and DENIED IN PART as follows: all Defendants except Transouth, American National, and Chrysler should be remanded to state court. Plaintiffs' motion under 28 U.S.C. § 1447(c) for the costs and expenses, including attorneys' fees, incurred in their pursuit of remand is DENIED.

### (3) Motions to Sever

Defendants Transouth and American National have moved this court to sever the claims asserted against them by Plaintiff Wright from the claims of the other Plaintiffs. Similarly, Defendant Chrysler has moved this court to sever those claims asserted against it from the claims of the other Plaintiffs.

Rule 21 of the Federal Rules of Civil Procedure provides that, upon misjoinder, "[a]ny claim against a party may be severed and proceeded with separately." Since this court found that Defendants were misjoined in its discussion of diversity jurisdiction, *supra*, Defendants' motions to sever are GRANTED.

### B. *Excuse Compliance With Local Rules*

Defendants Fidelity Financial, Admiral Life, JMIC Life, and Fidelity National [1] have moved this court to excuse their compliance with pretrial procedures under LR 201 such as certificates of interested persons, joint preliminary statements, mandatory interrogatories, and settlement conferences due to the fact that they had not consented to Defendant Transouth's notice of removal filed on August 8, 1995. Since these Defendants are being remanded back to state court, this motion is DENIED as moot.

### C. *Motion to Compel*

Defendant Fidelity Financial has moved this court to compel Plaintiffs to respond fully to Defendant's First Interrogatories and First Request to Produce Documents. Plaintiff has objected to this motion. Since this Defendant has been remanded back to state court, this motion is DENIED as moot.

### D. *Extend Time to Move for Class Certification*

Plaintiffs have moved this court for an extension of time in which to move for class certification. Plaintiffs state that they "have seen little utility in seeking certification in

---

1. The original motion also included Defendants Mercury Finance, Union Fidelity, and Bank South but they subsequently withdrew their participation in the motion.

Federal Court" due to the present posture of the case and the pending motions to remand. Defendants have objected to this request because of its alleged untimeliness under the Local Rules and because discovery has expired without investigation into class-based issues.

Rule 300–2 of the Local Rules of the Northern District of Georgia provides that the plaintiff shall move for class certification within ninety (90) days of the filing of the complaint. Upon a showing of good cause, however, the court may extend the time. LR 300–2.

In the instant case, the complaint was removed to federal court on August 8, 1995. Plaintiffs requested the extension of time at issue on February 12, 1996. Since Plaintiffs did not file the instant motion until well after the ninety-day period had expired, this court must find that the motion was untimely. Accordingly, Plaintiffs' motion is DENIED.

## E. *Defendant Transouth's Motion for Summary Judgment*

In the complaint, Plaintiffs have alleged that Defendants violated O.C.G.A. § 33–31–4 and are seeking compensatory and punitive damages. Defendant Transouth has moved this court for summary judgment based on the following grounds: (1) the Georgia Insurance Code does not provide for a private right of action against Defendant who did not sell the insurance at issue, (2) Plaintiffs have failed to exhaust their administrative remedies, and (3) the court should defer to the Insurance Commissioner's ruling that O.C.G.A. § 33–3–4 is not violated by the actions of which Plaintiffs complain.

The Insurance Commissioner has the discretionary power to hold a hearing upon the application of an aggrieved party. O.C.G.A. § 33–2–17. If the Commissioner either refuses to hold such a hearing or holds a hearing and enters an order adverse to the complaining party, the complaining party can seek judicial review thereof. O.C.G.A. §§ 33–2–26, 33–2–27. To enforce his or her decisions, the Commissioner has the power to enter an order prohibiting such practice and can institute civil and criminal proceedings against violators. O.C.G.A. § 33–2–24.

Under Georgia law, a person who has exhausted all administrative remedies and is aggrieved by an agency's final decision may seek judicial review. O.C.G.A. § 50–13–19 (1994). Exhaustion of remedies is not required, however, when the "administrative remedy exacts a price which causes it to be no remedy at all." *Moss v. Central State Hosp.*, 255 Ga. 403, 404, 339 S.E.2d 226 (1986) (provided no remedy where plaintiff had to refuse to take polygraph and risk dismissal before pursuing administrative remedies).

In the instant case, it is undisputed that Plaintiffs failed to request a hearing from the Commissioner about Defendants' alleged violations of O.C.G.A. § 33–2–24. Plaintiffs, however, argue that the discretionary nature of the hearing and the Commissioner's lack of power to exact the damages claimed by Plaintiffs would render their pursuit of administrative remedies futile. As an initial matter, as discussed *supra*, the hearing may be discretionary but the administrative procedures provide for review of the refusal to hold one. *Cf. Wilson v. Ledbetter*, 260 Ga. 180, 182, 390 S.E.2d 846 (1990) (when the agency's rules preclude a hearing, exhaustion of administrative remedies is not required). Second, the fact that administrative remedies seek equitable rather than the desired legal relief does not render the pursuit of such remedies futile such that exhaustion is not required. *Bailey v. Wilkes*, 162 Ga.App. 410, 413, 291 S.E.2d 418 (1982). Accordingly, this court must conclude that the remedies provided must be exhausted prior to suit. Since Plaintiffs have failed to pursue such remedies, Defendant Transouth's motion for summary judgment is GRANTED. Since the court has reached this conclusion, it need not address Defendant's other arguments in support of its motion.

## IV. CONCLUSION

Plaintiffs' motion to remand [11–1] is DENIED. Plaintiffs' motion to amend the removal complaint [12–1] is DENIED. Defendants Transouth and American National's motion to sever [13–1] is GRANTED. Defendant Transouth's motion for summary

judgment [14–1] is GRANTED. Defendant Chrysler Credit's motion to sever [20–1] is GRANTED. Defendants' motion to excuse compliance with certain Local Rules [24–1] is DENIED as moot. Defendants Transouth and American National's motion to file a supplemental brief [26–1] is GRANTED. Plaintiffs' amended motion to remand [39–1] is DENIED. Plaintiffs' motion to file a supplemental brief [50–1] is GRANTED. Plaintiffs' consolidated motion to remand [54–1] is GRANTED IN PART and DENIED IN PART as follows: All Defendants except Transouth, American National, and Chrysler are remanded to state court. Plaintiffs' motion for attorneys' fees [69–1] is DENIED. Defendant Fidelity Financial Services, Inc.'s motion to compel [75–1] is DENIED as moot. Plaintiff's motion to extend time to move for class certification [90–1] is DENIED. The Clerk of Court is DIRECTED to REMAND Defendants Admiral Life Insurance Company of America, Bank South Corporation, JMIC Life Insurance Company, Mercury Finance Company of Georgia, Union Fidelity Life Insurance Company, Fidelity National Bank, and MIC Life Insurance Corporation to the State Court of Fulton County, Georgia.