## 43855. TENDLER v. THOMPSON.
(352 SE2d 388)

CLARKE, Presiding Justice.

Appellee, a Cobb County Commissioner, is the defendant in a quo warranto action brought by appellant for the purpose of having appellee's office declared vacant. The basis of this action was Ga. L. 1973, p. 3640, which amends the act creating the Cobb County Board

---

of Commissioners to provide that the chairman and each member of the board of commissioners and the chairman and each member of the planning and zoning commission fully disclose any interest in any land sought to be rezoned. The interest to be disclosed includes ownership of more than 15% of the outstanding capital stock in any corporation having an interest in such property. The disclosure required is by way of affidavit filed within twenty days of the date of the rezoning application. Failure to file the affidavit will cause the office of the person who does not file to become vacant on the first day of the month following the twentieth day.

Although appellee did not file an affidavit within twenty days of his interest in a corporation seeking rezoning, testimony at the hearing on the quo warranto action showed that he signed the rezoning application for the owner corporation, that he recused himself when the rezoning was heard, and that he later did sign an affidavit of interest.

The trial court found that the act in question was unconstitutional as violating Art. I, Sec. II, Par. III of the Constitution of the State of Georgia of 1983, which provides for the separation of powers between the three branches of government. Although we affirm the trial court's judgment, we reverse the holding that the statute is unconstitutional inasmuch as the doctrine of separation of powers applies only to the state and not to municipalities or to county governments. *Building Auth. of Fulton County v. Ga.*, 253 Ga. 242 (321 SE2d 97) (1984).

We affirm the trial court's granting judgment in favor of appellee. Appellee's actions in signing the rezoning application, recusing himself from any participation in the rezoning and in later signing an affidavit concerning his interest in the property provided the people of Cobb County with greater protection from any possible conflict of interest than the mere filing of an affidavit within twenty days of the rezoning application. Since the citizens have been fully protected, insistence upon compliance with the twenty-day provision of Ga. L. 1973, p. 3460, would constitute a useless act. The law does not require a useless act. *Baker v. Housing Auth. of Savannah*, 152 Ga. App. 64 (262 SE2d 183) (1979). Neither should the law require that appellee's seat on the county commission be declared vacant or that the people of Cobb County be put to the expense of an election to fill it.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED JANUARY 28, 1987.

*Larry G. Turner*, for appellant.

*John H. Moore, Donald T. Wells, Jr.,* for appellee.