S92A0648. MIZE v. THE STATE.
(422 SE2d 180)

FLETCHER, Justice.

On December 19, 1989, James Wesley Mize was indicted for murder, felony murder, and armed robbery arising out of an incident that occurred in September of 1989. On February 28, 1990, the last day of the January-February term of court for the Fulton County Superior Court, Mize filed a demand for trial pursuant to OCGA § 17-7-171. On March 22, 1990, the state moved to dismiss Mize's demand for trial, arguing that it had not been timely filed because no jurors had been impaneled on the date the demand was filed. After hearing oral arguments concerning the motion, the trial court granted the motion and struck the demand.

Mize was tried in January of 1991 and, on January 31, 1991, was convicted of felony murder and armed robbery. On February 1, 1991, the trial court filed Mize's sentence. On March 1, 1991, Mize filed a motion for new trial wherein he argued, among other things, that the trial court had erred in March of 1990 when it dismissed his demand for trial.

On September 26, 1991, the trial court granted Mize's motion for new trial and, thereafter, on November 6, 1991, Mize filed a motion to bar and dismiss prosecution and indictment. It is from the trial court's denial of such motion that he appeals. For the reasons set forth below, we affirm.

1. OCGA § 17-7-171 governs demands for trial in capital cases and subsection (a) of that section sets forth the time during which a demand for trial must be entered in a capital case in order to be considered timely. Subsection (a) does not require that jurors be impaneled at the time the demand is entered in order for the demand to be timely; it simply requires that the demand be entered either at the term of court at which the indictment was found or at the next succeeding regular term thereafter.[1]

Mize was indicted during the November/December 1989 term of Fulton County Superior Court and entered his demand for trial at the next succeeding regular term of court thereafter: the January/February term of 1990.[2] That no jurors were impaneled at the time appellant's demand was entered was not relevant to the timeliness of his demand[3] and the trial court erred by striking the demand.

2. OCGA § 17-7-171's guarantee of a speedy trial protects a right that is personal to an individual accused of a capital offense. However, the statutory right to a speedy trial is not jurisdictional in nature and may be waived by an accused's affirmative acts and/or failures to act. The conduct of an accused, both before and after the filing of the speedy trial demand authorized by OCGA § 17-7-171, may result in an accused waiving his or her right to a speedy trial. See 57 ALR2d 302. See also *Parker v. State*, 135 Ga. App. 620, 621 (218 SE2d 324) (1975); *Hogan v. State*, 193 Ga. App. 543, 544 (388 SE2d 532) (1989).

Mize did not seek the trial court's permission to file a new demand for trial following dismissal of his first demand.[4] Nor did Mize file a motion seeking dismissal of the indictment prior to proceeding with his trial when it eventually began in January of 1991, despite the

---

[1] To the extent that dicta in *Cleary v. State*, 258 Ga. 203 (366 SE2d 677) (1988) may have indicated that a demand for trial will be effective only where jurors are impaneled at the time the demand is entered, that dicta is expressly disapproved.

[2] Fulton County Superior Court has six terms of criminal court each year: January/February, March/April, May/June, July/August, September/October, and November/December.

[3] Whether jurors are impaneled during a term of court is relevant only to whether that term will be counted as one of the two regular terms of court, after the term when the demand for trial is entered, during which subsection (b) of OCGA § 17-7-171 requires the state to give the defendant a trial or an absolute discharge and acquittal after an appropriate demand for such has been filed.

[4] As the term of court at which the indictment was found had passed, along with the next succeeding regular term thereafter, OCGA § 17-7-171 (a) would require the permission of the trial court to file another demand for trial.

fact that five terms of court had passed since that demand was filed. It was not until after he had been tried and convicted that Mize, in his motion for new trial, first asserted error with respect to the timeliness of his trial. As a result of these affirmative acts and failures to act, Mize has long since waived his statutory right to a speedy trial.[5]

3. Mize's motion to bar and dismiss the prosecution and indictment was not filed until after his motion for new trial had been granted. Such motion was not timely and was correctly denied by the trial court.

*Judgment affirmed. Clarke, C. J., Hunt and Benham, JJ., concur; Bell, P. J., and Sears-Collins, J., dissent.*

SEARS-COLLINS, Justice, dissenting.

Contrary to the majority, I conclude that Mize did not waive his demand for speedy trial, and that he is therefore entitled to be "absolutely discharged and acquitted" under OCGA § 17-7-171 (b). Although this result offends me, I believe I am bound by the law to reach it.

OCGA § 17-7-171 (b) provides that, if a defendant is not tried within the appropriate terms of court, the defendant "shall be absolutely discharged and acquitted." This language has been construed to mean that a defendant automatically stands discharged following the running of the terms and has no burden to file a motion, or to take any other steps, to obtain that discharge and acquittal. See Daniel, Georgia Criminal Trial Practice, § 14-41 (1991 ed.); *Parker v. State*, 135 Ga. App. 620, 621 (218 SE2d 324) (1975). Although a defendant may waive his demand for speedy trial, the waiver must be accomplished by some affirmative action on his part demonstrating his consent to let the case pass to a subsequent term. *Parker*, supra, 135 Ga. App. at 621; *State v. Waters*, 170 Ga. App. 505, 508 (3) (317 SE2d 614) (1984); *Birts v. State*, 192 Ga. App. 476, 477 (385 SE2d 120) (1989). Once a defendant has made a proper demand for speedy trial, " 'it is not incumbent upon him to take further active steps to bring the case to trial, and he does not waive it by remaining silent and not calling the attention of the court to the matter thereafter.' " *Parker*, supra, 135 Ga. App. at 621, quoting *Thornton v. State*, 7 Ga. App. 752 (2) (67 SE 1055) (1910).

In this case, the majority concludes, and I agree, that Mize filed a proper demand for trial during the January-February term of the Fulton County Superior Court, that the state's ground for moving to dismiss the demand was erroneous, and that the trial court erred by

---

[5] Any error by the trial court in striking Mize's demand for trial has also been waived by Mize's actions and his inaction following the striking of the demand.

relying on the ground asserted by the state to strike the demand.[6] Majority opinion, p. 491. The result of that holding is that Mize had a valid demand for trial filed during the January-February term and thus had to be tried by the end of the May-June term of court. Because Mize was not tried by the end of that term, he is now entitled to be discharged under § 17-7-171 unless he has waived his demand for trial. For the reasons that follow, I conclude that he has not.

The majority holds that Mize waived his demand by certain "affirmative acts and failures to act," majority opinion, p. 491. However, an examination of the majority opinion shows that the majority has relied solely on Mize's "failures to act" — *the failure* to file a new demand for trial and *the failure* to file a plea in bar or motion to dismiss after the end of the May-June term and before the beginning of his trial. I conclude that these grounds are improper for a finding of waiver.

First, as I have previously noted, only affirmative acts can constitute a waiver of a demand under Georgia law, and the majority has relied solely on failures to act.

Moreover, even assuming that failures to act can constitute a waiver of a demand, I conclude that neither of the failures to act on which the majority relies can support a holding that Mize waived his demand.

I will first address Mize's failure to seek the trial court's permission to file a new demand for trial following dismissal of the first demand. By finding that Mize waived his demand by failing to seek permission to file a new demand, the majority has put a burden on litigants who file proper pleadings and have them stricken or who seek to introduce admissible evidence and have it erroneously ruled inadmissible to seek to refile the same pleading or to readmit the same evidence in order to avoid a waiver. I know of no requirement of the law that supports such a conclusion.

I next turn to the majority's reliance on Mize's failure to file a plea in bar after the end of the May-June 1990 term of court. Even assuming that generally a defendant must file a plea in bar after the running of the required number of terms,[7] Mize's failure to do so can-

---

[6] The trial court foresaw the problem now before us. After the court granted the state's motion to strike Mize's demand, the court warned the state that its ruling might be wrong and that the state should try Mize as soon as possible.

[7] Under current law a defendant arguably stands discharged by operation of law following the running of the appropriate number of terms and does not have a burden to file a plea in bar or motion to dismiss to obtain that acquittal. See Daniel, Georgia Criminal Trial Practice, § 14-41 (1991 ed.); *Parker v. State*, supra. I need not, however, resolve in this case whether a defendant does stand automatically discharged and acquitted or whether such an automatic discharge can be waived, since I find that Mize took no action either before or after the end of the May-June term that can constitute a waiver of his demand.

not support a holding of waiver. This conclusion is based on the rule that " '[t]he law does not require a useless act.' " *Wilson v. Ledbetter*, 260 Ga. 180, 182 (5) (a) (390 SE2d 846) (1990), quoting *Tendler v. Thompson*, 256 Ga. 633, 634 (352 SE2d 388) (1987). Because Mize's plea in bar would have been based on Mize's contention that he had filed a valid demand for trial during the January-February term of court, and because the trial court, by striking Mize's demand in March 1990, had already ruled that Mize's demand was not valid, it was a foregone conclusion that the trial court would deny Mize's plea in bar on the ground Mize had not filed a valid demand. Requiring Mize to file a plea in bar would have been requiring him to present the same issue raised by the state's motion to strike, to the same court, only in order to obtain the same result. Accordingly, a plea in bar would have served no purpose and would have been a useless act, and Mize's failure to file one should not be a basis for a holding that he has waived his demand for trial.[8] Cf. *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285-286 (260 SE2d 20) (1979) (a party need not object at trial to the admission of evidence when that party contended in a motion in limine that the evidence should be excluded).

For the foregoing reasons, I conclude that no action or inaction by Mize supports a holding that Mize waived his demand. Mize, therefore, is entitled to be "absolutely discharged and acquitted" of the offenses charged. Accordingly, I dissent to the majority opinion.

I am authorized to state that Presiding Justice Bell joins in this dissent.

DECIDED OCTOBER 30, 1992.

*John A. Pickens*, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, A. Thomas Jones, Assistant District Attorneys, Michael J. Bowers, Attorney General*, for appellee.

---

[8] Although Mize could have filed a plea in bar, the law did not require it, and the only reason for Mize to have done so is that, after the trial court denied the plea, Mize could have taken a direct appeal under *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985), and had an appellate court review the issue before final judgment. Here, Mize apparently was waiting, as was his right, to raise on appeal after final judgment the issue of the striking of his demand. However, he lost his right of appeal after final judgment when the trial court granted him a new trial. Apparently desiring to avoid the delay of a second trial, and acting within the discretion provided him by law, Mize decided to file a plea in bar, obtain the denial he knew was inevitable, and immediately obtain appellate review of this issue. Thus, I conclude that Mize's actions concerning the raising of this issue have been proper.