## A96A2222. INGRAM v. THE STATE.
(480 SE2d 302)

Judge Harold R. Banke.

William L. Ingram was convicted of 11 counts of forgery in the second degree. Following the denial of his motion for new trial, Ingram alleges three errors.

This case arose after members of a metro fugitive squad arrested Ingram when he came to the Powerco Federal Credit Union to sign some loan documents and presented himself as Ronald Cooperman. While executing a search warrant at Ingram's apartment for a related investigation, police discovered several temporary Georgia driver's licenses, Southern Bell calling cards, an automatic teller machine card, and various credit and identification cards which had been issued in other persons' names. On some documents Ingram's photograph appeared accompanied by someone else's name.

Shortly after Ingram's arrest at the credit union, he was extradited to South Carolina to answer several fraud charges and was subsequently extradited to Oklahoma to face pending federal charges. When the United States Attorney in Tulsa dismissed the federal charges, he contacted the DeKalb County District Attorney's office which indicated it wanted Ingram extradited here. Following his extradition from Oklahoma, Ingram was prosecuted under an 11 count accusation. *Held*:

1. The trial court did not err in allowing the State to prosecute Ingram on an accusation rather than an indictment. OCGA § 17-7-70.1 (a) permits prosecution by accusation for the offense of forgery in the second degree, so no indictment was required. As to Ingram's claim that his convictions must be reversed because the accusation was not supported by an affidavit, we find that issue was not preserved for appeal. The record indisputably shows that Ingram failed to object to the lack of an affidavit and only objected to being tried without having first been indicted. See OCGA § 17-7-70.1 (a); compare *McBride v. State*, 213 Ga. App. 857, 860 (8) (446 SE2d 193) (1994). An objection not raised at trial cannot be raised for the first time on appeal as it is deemed waived. *Jacobson v. State*, 201 Ga. App. 749, 751 (2) (b) (412 SE2d 859) (1991).

For the first time and notwithstanding his repeated claims that his constitutional rights were violated because he was prosecuted without having been indicted, Ingram now alleges that the State violated OCGA § 17-7-70.1 (d) by proceeding on an accusation after a grand jury heard evidence and returned an indictment against him. Ingram's failure to raise and preserve this issue below forecloses appellate review. *Jacobson*, 201 Ga. App. at 751 (2) (b).

2. Ingram cannot raise for the first time on appeal a complaint that hearsay testimony was elicited during his cross-examination of

the State's witnesses. *Morgan v. State*, 212 Ga. App. 394, 395 (1) (442 SE2d 257) (1994). The trial court had cautioned Ingram about the perils of discharging his appointed counsel and proceeding pro se. Ingram's failure to object to the comments he inadvertently elicited precludes appellate review. *Jefferson v. State*, 157 Ga. App. 324, 326 (2) (277 SE2d 317) (1981).

3. The trial court properly determined that Ingram's statutory speedy trial demand was untimely. Ingram filed a speedy trial demand on October 23, 1995. OCGA § 17-7-170 requires that a demand for trial be entered at the court term in which the accusation is filed or at the next succeeding regular court term thereafter unless the court grants special permission. It is undisputed that the accusation at issue is file stamped March 14, 1995. The terms of court in the Stone Mountain Judicial Circuit begin on the first Mondays of January, March, May, July, September, and November. OCGA § 15-6-3 (37). Because Ingram's demand was not filed within the statutory time period and the trial court did not grant special permission for an untimely filing, the denial of the demand was proper. OCGA § 17-7-170 (a).

Ingram further alleges that his constitutional right to a speedy trial was violated due to the State's delay in prosecuting him. Even assuming that this challenge was properly asserted, the facts negate his constitutional argument. Although an accusation was filed in March 1995, the State could not prosecute Ingram until he was extradited back to Georgia on September 28, 1995. Ingram was tried less than five months later. Inasmuch as Ingram presented no evidence that the length of delay was unreasonable, that the delay was the product of deliberate action by the State and that he was actually prejudiced, his claim necessarily fails. See *Ould v. State*, 186 Ga. App. 55, 56 (2) (366 SE2d 392) (1988).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JANUARY 16, 1997.

*Paul J. McCord*, for appellant.
*J. Tom Morgan, District Attorney, Desiree S. Peagler, Keith E. Adams, Assistant District Attorneys*, for appellee.