### A99A0087. MacINNIS v. THE STATE.
(510 SE2d 557)

ELDRIDGE, Judge.

George Brian MacInnis appeals the trial court's denial of his motion for discharge and acquittal pursuant to OCGA § 17-7-170. In his sole enumeration of error, MacInnis asserts that jurors were impaneled on July 3, 1997, when his demand for speedy trial was filed, and therefore, the trial court erred in denying his motion because he was not tried within the time required by OCGA § 17-7-170. We disagree and affirm the trial court's judgment.

The record shows that MacInnis was charged by accusation filed on Monday, June 30, 1997, with the offenses of driving under the influence (two counts), no license plate, and failure to maintain lane. On Thursday, July 3, 1997, the last business day of the May term, MacInnis filed several motions, including a demand for speedy trial pursuant to OCGA § 17-7-170. MacInnis, through his counsel, waived arraignment on July 21, 1997, and was given notice that the case was scheduled for the September 3, 1997, trial calendar. On September 2, 1997, the second day of the September term, MacInnis filed his motion for discharge and acquittal.

Oral argument was heard on MacInnis' motion for discharge and acquittal on September 10, 1997. The parties stipulated that there are six terms of court for the State Court of Fulton County each year and that the beginning day for each of these terms is the first Mondays in January, March, May, July, September, and November. See Ga. L. 1983, pp. 4501-4502. At such hearing, testimony was taken from Fulton County State Court Deputy Administrative Jury Clerk Susan Boehms and Fulton County Superior Court Jury Clerk Jennifer Lawson. Both jury clerks testified that no jurors were impaneled on July 3, 1997, in either state court or superior court.

Ms. Boehms testified that all jurors summoned for July 3, 1997, for state court were summoned as "on call" jurors. "On call" jurors were required to call a number provided on their summons after 5:00

p.m. on July 2, 1997, to hear a pre-recorded message. On July 2, 1997, the pre-recorded message informed jurors they were excused from service and did not need to report on July 3, 1997. Ms. Boehms testified that she left this message because no judge in the state court had requested jurors for July 3, 1997. In response to the solicitor's question of whether it would have been possible to recall jurors on July 3, 1997, after the recording had told jurors not to report, Ms. Boehms at first responded "Probably. But I — it would have been very difficult." Ms. Boehms then proceeded to explain that the situation had never come up before and that "it would be almost next to impossible" to re-call the jurors.

Ms. Boehms testified that she was not sure if, on July 3, 1997, there were jurors still hearing other trials that had started earlier in the week. Ms. Boehms further testified that any jurors who might have been serving on other trials would not be available once they finished to make up a jury panel because jurors were summoned to serve for one day or for one trial, so if they served on one trial, they would be excused by the trial judge from any further service.

On cross-examination, Ms. Boehms testified that she did recall signing a certificate prepared by the defense counsel, but did not recall commenting at such time that juror panels A and C had been called in on July 3, 1997. The certificate was not introduced into evidence. Ms. Boehms testified that her notes indicated that she "didn't call [jurors] in" on July 3, 1997.

Ms. Lawson testified that the status of jurors in superior court was the same as that of the state court. Ms. Lawson testified that the jurors summoned by the superior court for July 3, 1997, were summoned on "standby" and were to call in after 5:00 p.m. on July 2, 1997, to find out if they had to report for service. The message left on the telephone recording on July 2, 1997, for jurors on standby for July 3, 1997, was that they "were excused and should not report." Ms. Lawson went on to testify that, once she excused the jurors and instructed them not to report, there was no way to recall the jurors for service.

Ms. Lawson further testified that she did not know if there were 12 jurors, who had been summoned previously in the week, who were serving on a jury in another case in superior court on July 3, 1997. However, all jurors for Fulton County Superior Court were summoned for one day or one trial, would have been excused by the trial judge at the end of the trial they were serving on, and would not have been available for a jury panel on July 3, 1997. *Held*:

Pursuant to OCGA § 17-7-170, when a person who is charged with an offense not affecting his life and such person files a proper demand for speedy trial, "[i]f the person is not tried when the demand is made or at the next succeeding regular court term there-

after, *provided at both court terms there were juries impaneled and qualified to try him,* he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." (Emphasis supplied.) OCGA § 17-7-170 (b).

Where a "demand is filed during a term in which there is no jury impaneled to try the case, the time allowed by the two-term requirement does not begin to run until the term following that during which the demand was filed." (Citation and punctuation omitted.) *Kaysen v. State,* 191 Ga. App. 734, 735 (382 SE2d 737) (1989); *Waller v. State,* 251 Ga. 124, 126 (3) (303 SE2d 437) (1983), rev'd on other grounds, 467 U. S. 39 (104 SC 2210, 81 LE2d 31) (1984). "[I]n computing the time allowed by the two-term requirement, terms or remainders of terms during which no jury is impaneled are not counted" *Kaysen v. State,* supra at 735; *George v. State,* 269 Ga. 863 (505 SE2d 743) (1998). In fact, this court has specifically rejected "the argument that a court term should count so long as jurors were impaneled previously during that term. Because a discharged jury is not impaneled or qualified to try a defendant, it fails to meet the statutory requirements for a speedy trial." *Pope v. State,* 265 Ga. 473, 474 (458 SE2d 115) (1995). "The provisions of [OCGA] § 17-7-170 (b) [are] not 'triggered' . . . where the appellant made his demand when there were no juries impaneled or scheduled to be impaneled in the remainder of the term. [Cit.]" *West v. State,* 193 Ga. App. 117 (387 SE2d 44) (1989).

Further, since in Fulton County jurors are summoned for one day or one trial, even if jurors were in the building on July 3, 1997, sitting as jurors on other trials, they would not be a "jury panel" that would trigger the two term provisions of OCGA § 17-7-170. A "jury panel" is defined as "the group of prospective jurors who are summoned to appear on a stated day and from which a grand jury or petit jury is chosen." (Citation and punctuation omitted.) *Kirk v. State,* 194 Ga. App. 801, 802 (392 SE2d 249) (1990); Black's Law Dictionary (6th ed. 1991), p. 596. "The clerk impanels the jury but does not select or choose it; that act of winnowing is up to the parties." *Kirk v. State,* supra at 802.

Any jurors in the courthouse on July 3, 1997, would have been actively sitting as jurors on the trial of another case and would not be available to the jury clerk for placement on a jury panel. At the conclusion of the ongoing trial, they would not have become available to the jury clerk for placement on another jury panel, because their term of service would have been concluded, and they would be excused by the trial judge presiding over the trial for which they served on.

Therefore, on July 3, 1997, when MacInnis filed his demand for speedy trial, a jury panel was not available for the remainder of the May term. It follows that MacInnis' demand for speedy trial did not

become effective to trigger the running of time specified in OCGA § 17-7-170 (b) until juries were impaneled and qualified during the July term. Therefore, there was no error in the trial court denying MacInnis' motion for discharge and acquittal.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED DECEMBER 10, 1998.

*Chestney Law Firm, Robert W. Chestney,* for appellant.
*Carmen Smith, Solicitor, Robin L. Benham, Jody L. Peskin, Assistant Solicitors,* for appellee.