A99A1134. PARKS v. THE STATE.
(521 SE2d 370)

RUFFIN, Judge.

Gary Parks, who was charged with three traffic violations, appeals the trial court's denial of his motion for discharge and acquittal on speedy trial grounds. Finding no error, we affirm.

On October 17, 1997, Parks was arrested and issued three uniform traffic citations for failure to maintain lane, DUI, and no proof of insurance. On October 20, 1997, the citations were received and stamped as "filed" in the Cobb County State Court clerk's office. The solicitor never filed a formal accusation against Parks. On February 10, 1998, Parks waived formal arraignment and filed a demand for a jury trial in that term or the next term. Parks, however, was not tried

within that term or the following term. On May 20, 1998, Parks filed a motion for discharge and acquittal pursuant to OCGA § 17-7-170. The trial court denied Parks' motion on grounds that his speedy trial demand was not timely because it was not filed within the same or following term as the uniform traffic citations were filed.

Pursuant to OCGA § 17-7-170,

> [a]ny person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting his life may enter a demand for trial *at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter*; or, by special permission of the court, he may at any subsequent court term thereafter demand a trial. . . . If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.

(Emphasis supplied.) OCGA § 17-7-170 (a) and (b); see also *State v. Gerbert*, 267 Ga. 169, 170 (475 SE2d 621) (1996). "It is well settled in Georgia law that the protection conferred by OCGA § 17-7-170 attaches with the formal indictment or accusation." (Punctuation omitted.) *Tyler v. State*, 224 Ga. App. 550, 551 (481 SE2d 228) (1997). At that point, the clock starts running on the time for the accused to make a speedy trial demand. OCGA § 17-7-170 (a); *Jackson v. State*, 231 Ga. App. 187-188 (1) (498 SE2d 780) (1998). In the case of an alleged traffic violation, a uniform traffic citation functions as an accusation, without the necessity of filing an additional, formal accusation. OCGA § 40-13-1; *Hayek v. State*, 269 Ga. 728, 729 (2) (506 SE2d 372) (1998); *Smith v. State*, 207 Ga. App. 762 (429 SE2d 149) (1993). The Supreme Court has established a bright-line rule that the right to a speedy trial in such a case attaches when the state files a uniform traffic citation with the court. *Gerbert*, supra.

The citations issued to Parks were filed in the clerk's office on October 20, 1997, during the September 1997 term of court.[1] Because the filing of the citations functioned as an accusation, Parks' speedy trial clock started running in the September 1997 term of court. Parks did not file his speedy trial demand, however, until two terms later, in the January 1998 term. There is no indication in the record

---

[1] The Cobb County State Court has six terms of court, commencing on the second Monday in January, March, May, July, September, and November. OCGA § 15-7-40; Ga. L. 1979, pp. 3481, 3483.

that Parks sought special permission from the court to file his demand out of time. Accordingly, Parks' demand was untimely under OCGA § 17-7-170 (a), and the trial court properly denied his motion for discharge and acquittal. See *State v. Black*, 213 Ga. App. 331 (444 SE2d 368) (1994) (trial demand that was not filed during term of court in which uniform traffic citations were filed or in next regular term was untimely); *Ingram v. State*, 224 Ga. App. 271, 272 (3) (480 SE2d 302) (1997) (speedy trial demand should be rejected when not filed within statutory period).

Parks argues that the citations issued to him were not proper accusations and therefore did not start his speedy trial clock running. Parks cites the local legislation creating the Cobb County State Court, which provides in part that

> [a]ll prosecutions in criminal cases instituted in the Civil and Criminal Court of Cobb County[2] shall be by written accusation made by the solicitor general or assistant solicitor general, based upon an affidavit setting forth plainly the offense charged in terms of law, upon which shall be entered the name of the prosecutor.

Ga. L. 1994, p. 3938 (amending "an Act to create a court to be known as the 'Civil and Criminal Court of Cobb County,' " approved March 26, 1964; see Ga. L. 1964, p. 3211). Parks maintains that his speedy trial clock did not start running until his arraignment on February 10, 1998, because no formal accusation was filed by the solicitor's office in this case. This argument lacks merit.

OCGA § 15-7-1 et seq. authorizes the creation of state courts in Georgia and establishes rules of practice and procedure governing all such courts. *Majia v. State*, 174 Ga. App. 432, 434 (2) (330 SE2d 171), aff'd, *State v. Majia*, 254 Ga. 660 (333 SE2d 834) (1985). These Code provisions signal the legislature's clear intent that there be uniform rules of practice and procedure in the state courts. Id.; see also Ga. Const. of 1983, Art. VI, Sec. I, Par. II; Art. VI, Sec. I, Par. IV. Accordingly, unless otherwise provided by OCGA § 15-7-1 et seq., when there is a conflict between the statute and local law creating a particular state court, the statute takes priority and is controlling. OCGA § 15-7-3; see also OCGA § 15-7-60. Further, "[t]he general laws and rules of practice, pleading, procedure, and evidence which are applicable to the superior courts of this state" also govern the state courts. OCGA § 15-7-43 (b).

Although OCGA § 15-7-1 et seq. does not specifically refer to

---

[2] The Civil and Criminal Court of Cobb County subsequently became the State Court of Cobb County. See *Bickley v. State*, 150 Ga. App. 669 (258 SE2d 306) (1979).

speedy trial demands, OCGA § 17-7-170 is clearly encompassed within the "general laws and rules of practice, pleading, procedure, and evidence which are applicable to the superior courts" of Georgia. See *Majia v. State*, 174 Ga. App. at 434. Thus, the local legislation cited by Parks does not abrogate OCGA § 40-13-3's clear pronouncement that, in prosecutions based on uniform traffic citations which are filed in court, the State need not file a formal accusation. Likewise, traffic prosecutions in Cobb County State Court do not present an exception to the bright-line rule established by the Supreme Court in *Gerbert*, supra, that the filing of a uniform traffic citation substitutes for the filing of a formal accusation and starts the speedy trial clock running. Here, the filing of the citations against Parks constituted an accusation, and Parks' trial demand filed two court terms later was untimely. See *Black*, supra.

*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED JULY 27, 1999.

*Jack J. Menendez*, for appellant.
*Barry E. Morgan, Solicitor, Jessica K. Moss, Aurieanne T. Sneed, Assistant Solicitors*, for appellee.