### A04A0569. NESMITH v. THE STATE.
(600 SE2d 644)

MILLER, Judge.

John Wiley Nesmith appeals from the trial court's denial of his motion for discharge and acquittal pursuant to OCGA § 17-7-170. The trial court denied Nesmith's motion on the ground that his demand for speedy trial was not timely filed. We agree and affirm.

The record shows that Nesmith was charged by accusation filed August 27, 2002, with the failure to wear a seat belt and two counts of DUI. On November 20, 2002, Nesmith waived arraignment and filed a demand for speedy trial pursuant to OCGA § 17-7-170. The case was originally set for trial on January 8, 2003, but was reset for July 8, 2003, at the request of the State. Prior to trial, Nesmith filed a motion for discharge and acquittal on the ground that the State failed to try him during the term in which his demand was made or the next succeeding term. The trial court denied the motion, finding that Nesmith's demand for speedy trial was filed untimely.

Nesmith argues that the trial court erred in denying his motion for discharge and acquittal and insists that his demand was timely filed. He contends that since there were no jurors impaneled during the remaining days of the July term (the term in which he was charged), he properly filed his demand within the two subsequent terms of court, during the November term.[1]

Under OCGA § 17-7-170 (a) and (b),

[a]ny person against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the person's life may enter a demand for trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; or, by special permission of the court. . . . If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries

---

[1] The State Court of Fulton County has six terms of court, commencing on the first Monday in January, March, May, July, September, and November. OCGA § 15-7-40; see also Ga. L. 1983, p. 4501.

impaneled and qualified to try the person, the person shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation. . . .

Where a demand is filed during a term in which there is no jury impaneled to try the case, the two-term rule of OCGA § 17-7-170 (b) (governing when the defendant must be tried) does not begin to run until the term following that term during which the demand was filed. See MacInnis v. State, 235 Ga. App. 732, 734-735 (510 SE2d 557) (1998).

Nesmith argues that because there were no jurors impaneled for the remainder of the July term during which the accusation was filed, pursuant to OCGA § 17-7-170 (b), he could timely file his demand for speedy trial during either the September or the November terms of court. However, this argument is without merit, as OCGA § 17-7-170 (a) clearly provides that the time in which a demand for speedy trial must be *filed* is within the same term that the accusation is filed or the next succeeding term. OCGA § 17-7-170 (b) explains the consequences resulting from the failure to *try* a defendant within the same term of court in which he filed the demand or the next succeeding term.

The Supreme Court of Georgia has addressed a similar argument (pursuant to OCGA § 17-7-171, demand for trial in capital cases) in *Mize v. State*, 262 Ga. 489 (422 SE2d 180) (1992). In *Mize*, the State sought to dismiss a defendant's demand for trial, timely filed during the term following his indictment as required by the applicable statute. Id. at 489. The State contended that the demand was untimely because no jurors had been impaneled on the date the demand was filed. Id. The Supreme Court held that "[s]ubsection (a) does not require that jurors be impaneled at the time the demand is entered in order for the demand to be timely; it simply requires that the demand be entered either at the term of court at which the [accusation] was [filed] or at the next succeeding regular term thereafter." (Footnote omitted.) Id. at 490 (1). This same analysis can be applied here to conclude that, contrary to Nesmith's argument, the time for *filing* a demand for speedy trial does not depend upon whether there are jurors impaneled. Only the time within which the State must *try* Nesmith is affected by the availability of jurors. See *MacInnis*, supra, 235 Ga. App. at 734-735.

Therefore, as Nesmith was charged during the July term of court, in order for his demand to have been timely, it should have been filed during either the July or September terms of court. Since Nesmith's demand for speedy trial was filed during the November term of court, outside of the statutory time period, and the trial court did not grant special permission for an untimely filing, the denial of

Nesmith's motion for discharge and acquittal was proper. See *Parks v. State*, 239 Ga. App. 333, 334-335 (521 SE2d 370) (1999); see also *Ingram v. State*, 224 Ga. App. 271, 272 (3) (480 SE2d 302) (1997).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 20, 2004.

*LaScala & LaScala, Michael S. LaScala*, for appellant.

*Carmen D. Smith, Solicitor-General, Jody L. Peskin, Assistant Solicitor-General*, for appellee.