A10A1570. JONES v. THE STATE.

(699 SE2d 754)

BLACKBURN, Senior Appellate Judge.

Bryan Jones appeals from the denial of his motion for discharge and acquittal, which was based upon the State's alleged failure to comply with his statutory speedy trial demand. Jones asserts that

---

[6] See *Simmons v. State*, 263 Ga. App. 220, 222 (587 SE2d 312) (2003).

[7] 216 Ga. App. 405 (454 SE2d 600) (1995).

[8] Id.

the trial court erred in holding that there was no jury impaneled and qualified to try him during the term of court in which he filed his demand for a speedy trial. Finding that the evidence supported the trial court's ruling, we affirm.

"As an appellate court, we review the trial court's denial of a motion to dismiss an indictment on speedy trial grounds for abuse of discretion and defer to the trial court's findings of fact and its weighing of disputed facts." *Grizzard v. State*.[1] Thus, "[i]n the absence of clear and convincing evidence to the contrary, we will not disturb the trial court's factual finding that no jury qualified to try defendant was impaneled [during a particular term of court]." *Redstrom v. State*.[2]

The record shows that on September 25, 2006, Jones was indicted in the State Court of Fulton County on charges of driving under the influence,[3] speeding,[4] and failure to wear a seatbelt.[5] At 12:28 p.m. on Wednesday, November 1, 2006, two days before the end of the court's September term, Jones filed a statutory demand for a speedy trial, pursuant to OCGA § 17-7-170. When the case was called for trial during the state court's January term, Jones moved for discharge and acquittal, citing the State's failure to try him during either the September or November terms of court.[6] The State opposed that motion, arguing that because there was no jury impaneled and qualified to try Jones during the September term of court, that term did not count for purposes of determining whether the State had met Jones's statutory speedy trial demand.

At the evidentiary hearing on his motion, Jones presented the testimony of the then-acting Fulton County jury clerk,[7] who testified as to the availability of jurors November 1 through November 3, 2006. The clerk stated that while jurors were available up until 11:45 a.m. on November 1, they were not available by that afternoon, when Jones filed his motion. And, because Fulton County does not call jurors on Fridays, no jurors had been summoned for Friday, November 3. Although there were two groups of potential jurors who had been summoned for Thursday, November 2, only one group was told to report, based upon the number of jurors requested by judges as of

[1] *Grizzard v. State*, 301 Ga. App. 613, 614 (688 SE2d 402) (2009).

[2] *Redstrom v. State*, 239 Ga. App. 769, 770 (521 SE2d 904) (1999).

[3] OCGA § 40-6-391 (a) (1).

[4] OCGA § 40-6-181 (b).

[5] OCGA § 40-8-76.1 (b).

[6] Fulton County has six terms of court per year, beginning on the first Monday in January, March, May, July, September, and November. See OCGA § 15-6-3 (3).

[7] This interim jury clerk had not been the jury clerk at the time Jones filed his speedy trial demand. Her testimony, therefore, was based on her review of available records.

the close of business on November 1. Of the 71 jurors summoned and told to report for November 2, only 37 came to court.[8] Thirty-two of those jurors were called to courtrooms for other trials, leaving only five jurors available for any previously unscheduled trial.

Based on this evidence, the trial court concluded that there were no jurors impaneled and available to try Jones during the September term of court and denied Jones's motion for discharge and acquittal. Jones now appeals from that order.

OCGA § 17-7-170 (b) provides that where a defendant files a statutory demand for a speedy trial, the State must try the defendant during the term of court "when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant. . . ." Where the State fails to do so, "the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." Id. "In computing the time allowed by the two-term requirement of OCGA § 17-7-170 (b), terms or remainders of terms during which no jury is impaneled [and qualified to try the defendant] are not counted." (Punctuation omitted.) *McKnight v. State.*[9] See also *Pope v. State*[10] ("jurors must be present and available to serve after the [demand] is filed for a court term to count as one of the two terms in which the [S]tate must try the defendant"). Thus, in this case, the September 2006 term of court, "during the final week of which [Jones] filed his demand, would count for purposes of OCGA § 17-7-170 (b) only if jurors were impaneled and qualified at the time of his demand, or thereafter in the term." *Union v. State.*[11] "It was [Jones's] burden below to establish that there were qualified jurors impaneled during the [September] court term [after he filed his speedy trial demand] so as to trigger OCGA § 17-7-170." Id. at 667.

Jones argues that the trial court erred in finding that jurors were not impaneled and available to try him during the September term. Jones, however, does not argue that jurors were available after the time he filed and served his demand on November 1 or that jurors were available November 3. Instead, he argues only that such jurors were available November 2 because, had the trial court so requested, the jury clerk could have either: (i) called in the second group of jurors that had been summoned for that day, rather than

---

[8] The jury clerk testified that this was the number of jurors they anticipated, because only approximately 50% of jurors summoned actually appear for court. Thus, the County summons approximately twice as many jurors as it anticipates needing.

[9] *McKnight v. State*, 215 Ga. App. 899, 902 (1) (453 SE2d 38) (1994).

[10] *Pope v. State*, 265 Ga. 473, 474 (458 SE2d 115) (1995).

[11] *Union v. State*, 273 Ga. 666, 666-667 (543 SE2d 683) (2001).

dismissing them from service; or (ii) requested that any of the 32 jurors placed on panels the morning of November 2, but who were not selected for service, be returned to the jury room for placement on another panel. We do not find either of these arguments persuasive.

The jury clerk's office closes at 4:30 p.m. and, at that time, the office leaves a recorded message instructing jurors summoned for the next day whether they are to appear. To have the jury clerk call in the second group of jurors summoned for November 2, therefore, either the prosecutor or the trial court needed to be aware of Jones's speedy trial request sometime before 4:30 p.m. See *MacInnis v. State*.[12] Jones, however, failed to establish such knowledge by either the prosecutor or the trial court.

As noted above, Jones's demand was not filed with the clerk's office until 12:28 p.m. on November 1. Although Jones complied with the statutory requirement that he serve copies of that demand on both the trial judge and the prosecutor (see OCGA § 17-7-170 (a)), he presented no evidence establishing when such service was made. Rather, the motion and certificate of service merely state that "this demand has been served on the judge and the prosecutor" by delivering the same to the respective office of each. Assuming that service was accomplished sometime after the demand was filed, some evidence supported the trial court's conclusion that it was more likely than not that both the judge and the prosecutor were in court and therefore unaware of the demand until sometime after the jury clerk's office closed on November 1. Indeed, the prosecutor stated at the motion hearing that she did not recall seeing the demand until the morning of November 2, at which time she contacted the trial judge's case manager. The absence of any evidence that Jones's motion was, in fact, served on the State in time for either the judge or the prosecutor to notify the jury clerk's office prior to 4:30 p.m., further buttresses the trial court's conclusion that the second group of jurors could not have been called in for November 2. Thus, some evidence established that the second group of jurors had been dismissed from service, and were therefore unavailable to try Jones. See *Johnson v. State*;[13] *MacInnis*, supra, 235 Ga. App. at 733-734.

In reaching this conclusion, we are mindful of the fact that in considering a statutory speedy trial claim, "we must consider the practical reality of the trial ... process[ ]." *Fletcher v. State*.[14] Accordingly, we reject Jones's argument that the mere fact that he

---

[12] *MacInnis v. State*, 235 Ga. App. 732, 732-733 (510 SE2d 557) (1998).

[13] *Johnson v. State*, 264 Ga. App. 195, 198-199 (590 SE2d 145) (2003).

[14] *Fletcher v. State*, 213 Ga. App. 401, 403 (1) (445 SE2d 279) (1994).

served the trial judge and prosecutor with his speedy trial demand on November 1 supports the conclusion that the State could have requested jurors for the next day. Rather, Jones, as the movant, bore the burden of establishing that his demand had been served sufficiently early in the day to allow the trial judge and prosecutor to act on the same before the jury clerk's office closed for business. To hold otherwise would allow a defendant to trigger the running of the time period for a statutory speedy trial demand by serving that demand at 4:25 p.m. on the next to last day of a court term. The purpose of OCGA § 17-7-170, however, is not to serve as a tactical tool for defense counsel. Rather, its purpose is "to prevent the uncertainty, emotional stress, and the economic strain of a pending prosecution indefinitely" while at the same time "afford[ing] the State a reasonable time frame in which to prepare and try its case against the accused." (Citation and punctuation omitted.) Id.

Jones also failed to meet his evidentiary burden with respect to his second argument, that any of the 32 potential jurors who were placed on a panel but not selected for service on November 2 could have been returned for placement on another panel. Specifically, Jones failed to establish the minimum number of jurors required for a criminal panel in state court; how many of the 32 jurors in question were struck from their original panel and therefore available for placement on a second panel; and whether those jurors, together with the five jurors who appeared but were not placed on panels, would have been sufficient to constitute another jury panel for a criminal trial. Instead, the evidence showed that on the morning of November 2, there were only five jurors impaneled and available to try Jones. Given that the minimum number of jurors for a criminal trial in state court is six, there were not sufficient jurors impaneled and available to try Jones that day.

"As no clear and convincing evidence shows that the trial court erred by concluding that no jury qualified to try [Jones] was impaneled during the remainder of the [September] term in which [his] demand was filed, the ruling of the trial court is affirmed." *Johnson*, supra, 264 Ga. App. at 199.

*Judgment affirmed. Barnes, P. J., and Bernes, J., concur.*

DECIDED JULY 19, 2010 —
RECONSIDERATION DENIED AUGUST 5, 2010.

*Michael M. Hawkins*, for appellant.
*Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General*, for appellee.