## A10A1486. JACKSON v. THE STATE.
### (701 SE2d 869)

BLACKBURN, Senior Appellate Judge.

Derrick Jackson appeals the denial of his motion for discharge and acquittal from certain criminal charges, which motion asserted that he was not tried within the requisite time period following his speedy trial demand. However, because Jackson's speedy trial demand was untimely, the trial court did not err in denying his motion for discharge and acquittal. We therefore affirm.

The facts are undisputed. In November 2008, Jackson allegedly received a stolen car, drove that car in excess of the speed limit, and failed to properly restrain a child in the car. Via an accusation filed on February 17, 2009 in the Superior Court of Wilkinson County, the district attorney recited these facts and charged Jackson with theft by receiving stolen property,[1] speeding,[2] and violating the child restraint law.[3] Acting pro se,[4] Jackson on June 18, 2009 filed a demand for a speedy trial under OCGA § 17-7-170. On September 21, 2009, the trial court dismissed the charges against Jackson in an order prepared by the State's attorney, which order allowed the State to dismiss or nolle pros the charges against Jackson on the grounds of judicial economy (explaining that since Jackson's probation from an earlier conviction had recently been revoked, he was now serving a lengthy sentence in federal custody).

On February 10, 2010, Jackson moved the trial court for discharge and acquittal of the charges, arguing that the State had failed to comply with his speedy trial demand by not trying him

---

[1] OCGA § 16-8-7 (a).
[2] OCGA § 40-6-181 (b).
[3] OCGA § 40-8-76.1 (e) (3).
[4] Jackson's attorney was allowed to withdraw on June 8, 2009.

within the time period required by OCGA § 17-7-170. Cf. *Coker v. State*[5] (where State failed to try defendant timely following a speedy trial demand, defendant entitled to discharge and acquittal even though State had nolle prossed the charges). Before the State had a chance to respond, the court denied this motion a week later on February 17, 2010. Jackson appeals this order.

OCGA § 17-7-170 (a) provides:

> Any defendant against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the defendant's life may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; or, by special permission of the court, the defendant may at any subsequent court term thereafter demand a speedy trial. . . .

If a defendant files such a demand, OCGA § 17-7-170 (b) requires:

> If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation. . . .

However, if the defendant fails to file the speedy trial demand within the statutorily allotted time, the trial court properly denies the defendant's motion for discharge and acquittal that is based on the failure to try him timely under OCGA § 17-7-170 (b). *Nesmith v. State*.[6]

The terms for the Superior Court of Wilkinson County commence on the fourth Monday in February, the first Monday in April, the third Monday in August, and the first Monday in October. OCGA § 15-6-3 (28) (H). Here, the accusation was filed on February 17, 2009, placing it in the October term (the term that began on the first Monday in October 2008 and continued until the fourth Monday in February 2009). The next succeeding term, i.e., the February term, began on the fourth Monday in February 2009 (February 23, 2009) and ran until the first Monday in April 2009. Jackson did not file his speedy trial demand until June 18, 2009, placing it in the

---

[5] *Coker v. State*, 181 Ga. App. 559, 559-560 (353 SE2d 56) (1987).

[6] *Nesmith v. State*, 267 Ga. App. 530, 531-532 (600 SE2d 644) (2004).

April term, i.e., two terms after the October term. "Since [Jackson's] demand for speedy trial was filed during the [second succeeding] term of court, outside of the statutory time period, and the trial court did not grant special permission for an untimely filing, the denial of [Jackson's] motion for discharge and acquittal was proper." *Nesmith*, supra, 267 Ga. App. at 531-532. See *Parks v. State*.[7]

We discern no error.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*

## DECIDED SEPTEMBER 28, 2010.

Derrick B. Jackson, *pro se.*

Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant District Attorney, for appellee.

---

[7] *Parks v. State*, 239 Ga. App. 333, 334-335 (521 SE2d 370) (1999).