**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 28, 2013**

# In the Court of Appeals of Georgia

A12A2446. WILLIAMSON v. THE STATE.

BARNES, Presiding Judge.

John Williamson appeals from the order of the trial court denying as untimely his motion for discharge and acquittal on statutory speedy trial grounds.[1] Upon our review, we affirm.

As an appellate court, we review the trial court's denial of a motion to dismiss an indictment on speedy trial grounds for abuse of discretion and defer to the trial court's findings of fact and its weighing

---

[1]The Supreme Court of Georgia has recently ruled that constitutional speedy trial claims are not directly appealable and that a defendant must follow the interlocutory appeal procedures of OCGA § 5-6-34 (b). *Sosniak v. State*, 292 Ga. 35, 36-40 (2) (734 SE2d 362) (2012). Williamson's appeal, however, is based on a statutory speedy trial demand under OCGA § 17-7-170. Unlike Sixth Amendment speedy trial denials, "the denial of a motion to dismiss based upon OCGA § 17-7-170 is directly appealable under OCGA § 5-6-34 (a)." *Hubbard v. State*, 254 Ga. 694, 695 (333 SE2d 827) (1985).

of disputed facts. Thus, in the absence of clear and convincing evidence to the contrary, we will not disturb the trial court's factual finding that no jury qualified to try defendant was impaneled during a particular term of court.

(Citations, punctuation, and footnotes omitted.) *Jones v. State*, 305 Ga. App. 528 (699 SE2d 754) (2010).

The record shows that Williamson was charged by accusation filed on July 27, 2011, with failure to maintain lane and two counts of DUI. On November 2, 2011, Williamson filed a statutory demand for speedy trial pursuant to OCGA § 17-7-170. On January 25, 2012, Williamson filed a motion for discharge and acquittal on the ground that the State failed to try him during the term in which his demand was made or the next succeeding term. After a hearing on the motion, the trial court ruled that Williamson's demand for speedy trial was untimely, and denied the motion.

Williamson contends that the trial court erred in denying his motion for discharge and acquittal and that his demand was timely filed. He maintains that the trial court erred in finding that there was an insufficient number of empaneled jurors available during the November term to conduct his trial.

Pursuant to OCGA § 17-7-170 (a) :

Any defendant against whom a true bill of indictment or an accusation is filed with the clerk for an offense not affecting the defendant's life may enter a demand for speedy trial at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter; or, by special permission of the court, the defendant may at any subsequent court term thereafter demand a speedy trial. . . .

Once a defendant files a demand, OCGA § 17-7-170 (b) directs that:

If the defendant is not tried when the demand for speedy trial is made or at the next succeeding regular court term thereafter, provided that at both court terms there were juries impaneled and qualified to try the defendant, the defendant shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation. . . .

However, if the defendant fails to file the speedy trial demand within the time allotted by OCGA § 17-7-170 (a), and if the trial court does not grant special permission for an untimely filing, the court is authorized to deny the defendant's motion for discharge and acquittal brought pursuant to OCGA § 17-7-170 (b). See *Nesmith v. State,* 267 Ga. App. 530, 531-532 (600 SE2d 644) (2004).

The State Court of Fulton County has six terms of court that commence on the first Monday in January, March, May, July, September, and November. OCGA §§ 15-6-3 (3), 15-7-40. Here, Williamson's accusation was filed on July 27, 2011, placing

3

it in the July term that began on the first Monday in July 2011 and continued until the first Monday in September 2011. Thus, Williamson was required to file his statutory speedy trial demand in either the July term or the next succeeding term. OCGA § 17-7-170 (a). The next succeeding term was the September term, which began on the first Monday in September 2011 and continued until the first Monday in November 2011. Williamson filed his speedy trial demand on November 2, 2011, two days before the end of the September term, the next succeeding term after his accusation was filed.

The trial court found that the motion was filed outside the statutory time period and thus untimely because there was no impaneled jury available to try Williamson during the September term. The trial court found that:

> [Williamson] filed his Demand for Speedy Trial at 11:16 a.m., two and one-half days before the end of the September term. [The trial court] had a Civil Non Jury calendar scheduled on November 2, 2011. Although [Williamson] contends that 23 Jurors were available until 1:00 p.m., assuming that the Court received the courtesy copy at around the same time frame, the Court and prosecutor would have had less than two hours to review the Demand and request jurors for a jury trial on November 2 before they were dismissed. That is not a reasonable time frame. No jurors were called for Friday, November 4, 2011, therefore the only remaining date was Thursday, November 3. The evidence showed that five jurors were available on that date, an insufficient number for a jury trial.

4

"Absent clear and convincing evidence to the contrary, we will not disturb the trial court's finding that no jury qualified to try appellant was impaneled during the term in which the demand was filed." *Johnson v. State*, 264 Ga. App. 195, 196 (590 SE2d 145) (2003).

Here, although the trial court found that there was no jury impaneled at the time Williamson filed his demand, it erred in concluding that the demand was untimely. OCGA § 17-7-170 (a) "does not require that jurors be impaneled at the time the demand is entered in order for the demand to be timely; it simply requires that the demand be entered either at the term of court at which the accusation was filed or at the next succeeding regular term thereafter." (Citation and punctuation omitted.) *Nesmith,* 267 Ga. App. at 531. See *Mize v. State*, 262 Ga. 489, 490 (1) (422 SE2d 180) (1992) ("That no jurors were impaneled at the time appellant's demand was entered was not relevant to the timeliness of [appellant's] demand."). Williamson filed his demand within the two terms stipulated by OCGA § 17-7-170 (a) – in the September term, which was the next succeeding term after the term in which his accusation was filed – and, thus, it was timely filed.

However,

5

[w]hether jurors are impaneled during a term of court is relevant . . . to whether that term will be counted as one of the two regular terms of court, after the term when the demand for trial is entered, during which subsection (b) of OCGA §[17-7-170] requires the state to give the defendant a trial or an absolute discharge and acquittal after an appropriate demand for such has been filed.

*Mize*, 262 Ga. at 490 (1), n. 3. Thus, the time within which the State must try Williamson *is* affected by the availability of jurors. *Nesmith,* 267 Ga. App. at 531.

In computing the time allowed by the two-term requirement of OCGA § 17-7-170 (b), terms or remainders of terms during which no jury is impaneled and qualified to try the defendant are not counted. . . . [I]n this case, the September [2011] term of court, during the final week of which [Williamson] filed his demand, would count for purposes of OCGA § 17-7-170 (b) only if jurors were impaneled and qualified at the time of his demand, or thereafter in the term.

(Citations and punctuation omitted.) *Jones v. State,* 305 Ga. App. 528, 530 (699 SE2d 754) (2010).

At the hearing on Williamson's motion, the evidence demonstrated that the clerk had mailed summons to 475 potential jurors directing them to be prepared to report for duty on Wednesday, November 2, 2011, the day that Williamson filed his speedy trial demand. Calculating the number of jurors that would be needed on

6

November 2, 2011, based on all of the trial courts' requests, on November 1, 2011 the clerk instructed 375 jurors to report for duty the next day, but only 106 actually showed up. Of those who reported, 62 were sent to courtrooms, leaving 44 extra jurors available that day. The clerk did not know when they were released, but agreed that "at least 18 jurors were available until 1:00 when they were released."

On Thursday, November 3, 2011, of the 375 jurors originally summoned, 175 had been instructed to report, but only 37 actually reported. The clerk testified that she had judicial requests for 18 jurors in one courtroom and 14 in another, leaving only 5 potential jurors available for another trial. While the evidence demonstrated that the judge who requested the 18 jurors ultimately released them at 11:10 that day, the clerk testified that when the jurors were dismissed from the jury room or courtroom, their jury duties were concluded. The clerk called no jurors to come to court on Friday, as was the norm.

Williamson contends that the trial court erred in finding that there were only five potential jurors available on Thursday, November 3, instead of 23. He argues that the evidence shows that one of the judges excused the 18 jurors she requested; thus, he maintains, there were 23 potential jurors available if his case had been called trial on Thursday. He further contends that had the clerk been notified before 4:30 on

Wednesday that more jurors were needed, she could have called in another group of potential jurors for Thursday.

To reiterate, we defer to the trial court's findings of fact and its weighing of disputed facts, and will not disturb the trial court's factual finding that there was no impaneled jury qualified to try Williamson during a particular term of court in the absence of clear and convincing evidence to the contrary. See *Jones*, 305 Ga. App. at 529.

> In Fulton County jurors are summoned for one day or one trial, [and] even if jurors were in the building on [November 3, 2011] sitting as jurors on other trials, they would not be a "jury panel" that would trigger the two term provisions of OCGA § 17-7-170. A "jury panel" is defined as the group of prospective jurors who are summoned to appear on a stated day and from which a grand jury or petit jury is chosen. The clerk impanels the jury but does not select or choose it; that act of winnowing is up to the parties. Any jurors in the courthouse . . . would have been actively sitting as jurors on the trial of another case and would not be available to the jury clerk for placement on a jury panel. At the conclusion of the ongoing trial, they would not have become available to the jury clerk for placement on another jury panel, because their term of service would have been concluded, and they would be excused by the trial judge presiding over the trial for which they served on.

8

(Citations and punctuation omitted.) *Macinnis v. State*, 235 Ga. App. 732, 734 (510 SE2d 557) (1998).

While Williamson might have shown that potential jurors were in the courthouse on Thursday, November 3, he did not show by clear and convincing evidence that the trial court erred in finding that only five jurors were not already committed to other courtrooms that day. Moreover, the clerk testified that she ordinarily received requests for jurors at least the day before they were needed. Williamson filed his speedy trial demand on Wednesday, November 2, at 11:16 a.m. The trial court would have had to request jurors from the clerk early enough to allow her to determine by 4:30 p.m. how many jurors to instruct to report for duty the next day. The jury summons instructed potential jurors to call after 5:00 p.m. the evening before their reporting date and listen to a message that would tell them when they needed to come to court or not. That the demand was filed that day did not ensure that the trial court would or should be immediately notified of the filing, or that the court would have immediately communicated the need for jurors to the clerk that same day.

Likewise, in considering the practical realities of the trial process, the State must be given "a reasonable time frame in which to prepare and try its case against the accused. . . . The statute . . . does not operate to force the State to impanel a jury

for one defendant who makes a late demand." (Citation and punctuation omitted.) *Fletcher v. State*, 213 Ga. App. 401, 403 (1) (445 SE2d 279) (1994).

Thus, as there was no clear and convincing evidence demonstrating that the trial court erred in concluding that no jury qualified to try Williamson was impaneled during the remainder of the September term in which his demand was filed, the September term did not count for purposes of triggering the two term provisions of OCGA § 17-7-170 (b). As such, Williamson's January 25, 2011 motion for discharge and acquittal was premature because the November 2011 term must be treated as the "next succeeding term" for purposes of OCGA § 17-7-170 (b). See *Jones*, 305 Ga. App. at 532; *West v. State*, 193 Ga. App. 117, 117-118 (387 SE2d 44) (1989) (provisions of OCGA § 17-7-170 not triggered until the following term because no jury was impaneled to try appellant during that portion of the term that followed his demand). Accordingly, the first of the two terms in which Williamson could be tried was the November 2011 term, and thus the State had that term and the next suceeding term, January 2012, in which to try Williamson.

Accordingly, the trial court did not err in denying Williamson's motion for discharge and acquittal.

*Appeal affirmed. McFadden and McMillian, JJ., concur.*

10