# Court of Appeals
# of the State of Georgia

ATLANTA,   December 17, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0700.  JAMES WILBORN v. THE STATE.**

On August 5, 2014, the trial court entered an order denying James Wilborn's demand for a speedy trial.[1] Wilborn filed a notice of appeal from this ruling on September 10, 2014.

OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days of the order sought to be appealed.  Wilborn, however, filed his notice of appeal 36 days after entry of the trial court's order.  "[A] timely-filed notice of appeal is a jurisdictional prerequisite to a valid appeal."  *Henderson v. State*, 265 Ga. 317 (1) (454 SE2d 458) (1995). Because Wilborn's notice of appeal is untimely, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*   12/17/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] The Supreme Court recently ruled that interlocutory orders rejecting constitutional speedy trial claims are no longer subject to direct appeal.  See *Sosniak v. State*, 292 Ga. 35, 40 (2) (734 SE2d 362) (2012).  However, orders rejecting statutory speedy trial claims remain directly appealable. See *Williamson v. State*, 321 Ga. App. 25 n.1 (740 SE2d 841) (2013).